COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


MORRIS B. ARMSTRONG
                                              OPINION BY
v.        Record No. 1767-97-4    JUDGE DONALD W. LEMONS
                                            FEBRUARY 2, 1999
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Donald M. Haddock, Judge

            Mary E. Maguire (J. Amy Dillard, Deputy
            Public Defender, on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Morris Armstrong appeals his conviction for possession of

cocaine alleging that the trial court erred in failing to

suppress evidence and that the evidence was insufficient to

sustain his conviction.  Finding no error, we affirm his

conviction.

     On January 3, 1997 at approximately 9:15 p.m., Alexandria

Police Officer Diane Gittins was working in a concealed location

watching for drug violations, a practice known as "spotting."

Gittins had approximately 2,000 hours of past experience in

"spotting" and had seen crack cocaine on at least 500 prior

occasions.  The area she had chosen was known for high incidence

of drug possession and distribution and was well illuminated by

streetlights.  Using 20x80 binoculars located 25 to 50 feet above

street level and from a distance of less than 100 feet, Gittins

observed Armstrong walking down the street followed by two women.

Without obstruction and with the aid of visual enhancement, Gittins saw Armstrong lift his right hand in front of his body and open his palm, exposing a "small, unpackaged, off-white, rock-like object" smaller than a pencil eraser which she believed to be a rock of crack cocaine. Gittins testified that Armstrong looked at the rock of crack cocaine for several seconds then closed his hand and "brought it back down to his right side" and proceeded to a vehicle with the two women.

Gittins then called for back-up officers to arrest Armstrong. She watched him enter a brown station wagon and observed the vehicle until it moved out of her view. She testified that several minutes later she saw the brown station wagon on the 200 block of North Payne Street. She called back-up officers to the location and gave them the same description of Armstrong.

Officer Chris Wimple testified that he responded to the radio call from Officer Gittins, arrested Armstrong and searched him incident to arrest. No contraband was recovered from his person. A female officer searched the two women who were with Armstrong, and no contraband was recovered from them. After all of the parties were searched, Wimple looked inside the station wagon and saw a small "off-white, irregularly shaped, rock-like object" on the floorboard on the passenger side. He believed it to be a rock of crack cocaine. A laboratory analysis later

revealed it to be .15 grams of cocaine.  Wimple testified that there were no other small, white, rock-like objects recovered from the vehicle.

Wimple transported Armstrong to the police station, where Armstrong admitted that he was a drug user and was in the neighborhood to buy crack cocaine.  He said that the two women had just purchased crack cocaine and he was intending to get a piece of crack cocaine from them for his own use but the police stopped him before he was able to do so.

Prior to trial Armstrong moved to suppress the cocaine.  The court denied his motion to suppress.  At the conclusion of the evidence at trial, Armstrong moved to strike the evidence as being insufficient for conviction.

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted).  While we are bound to review de novo the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error[1] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."

---

[1]"In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'"  McGee, 25 Va. App. at 198 n.1, 487 S.E.2d n.1 (citations omitted).

Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

Armstrong argues that police did not have probable cause to arrest him.

> Probable cause is a flexible, common-sense standard, merely requiring that the facts available to the officer would warrant a man of reasonable caution to believe that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false.

Texas v. Brown, 460 U.S. 730, 742 (1983) (citations omitted). We have stated that experienced police officers "may be able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer." Richards v. Commonwealth, 8 Va. App. 612, 616, 383 S.E.2d 268, 270-71 (1989). "If an officer has reason to believe that a person is committing a felony in his [or her] presence by possessing contraband or a controlled substance, the officer has probable cause to arrest the individual without a warrant." Buck v. Commonwealth, 20 Va. App. 298, 304, 456 S.E.2d 535, 537 (1995).

Officer Gittins observed Armstrong in an area known for drug trafficking and possession, holding up for observation an "unpackaged, off-white, rock-like object." Presumably, the object had value because Armstrong closed his fist to maintain control over it and proceeded to a parked car with his two female companions. Based upon her training and experience and the totality of the circumstances, Officer Gittins believed it was

crack cocaine. Surely, had the officer been standing immediately adjacent to Armstrong and made these observations there would be no question about probable cause for arrest. Here, she was aided by enhanced vision to achieve the functional equivalent of standing immediately adjacent to Armstrong. The trial judge stated:

> This is a very simple matter. Either you believe or you do not believe that the officer is an expert in the identification of crack cocaine. The officer said that the individual involved was within 100 feet. The officer was using 20-power binoculars, which puts that person within the parameters of 5 to less feet from the officer at the time that the officer view[ed] the individual and his hand. The officer has seen crack cocaine hundreds if not thousands of times before. What difference does it make if it happens to be imitation crack cocaine. He is not required or she is not required to be absolutely right, but merely to have probable cause to believe that a crime is being committed.

Armstrong argues that Officer Gittins' observations may not be bolstered by the fact that the activities took place in a "high volume drug area." He cites Riley v. Commonwealth, 13 Va. App. 494, 412 S.E.2d 724 (1992), in which we stated that an officer may not use the "reputation of an area for proving 'guilt by association.'" Id. at 498, 412 S.E.2d at 726. In Riley, the officer "had no prior knowledge of Riley or his possible involvement in any criminal activity." Id. at 497, 412 S.E.2d 726. The arresting officer testified that he had seen Riley "in a high crime area late at night" and that "[w]hen Riley exited

his vehicle and saw [the officer], Riley turned to face his own vehicle, made a motion toward the front of his waistband, and closed the door to his vehicle." Id. at 497, 412 S.E.2d at 726. We reversed the defendant's conviction for possession of cocaine holding that "[the officer] had no particularized knowledge of [his] involvement in any criminal activity" and that his "observations and suspicions were insufficient to justify an investigatory stop." Id. at 499, 412 S.E.2d at 727.

In the case now before us, the question is not whether Officer Gittins had reasonable, articulable suspicion to stop Armstrong, but whether the officer had probable cause to arrest him for possession of cocaine. The officer did not rely upon the mere presence of Armstrong in a high drug area to create probable cause. Officer Gittins observed Armstrong with what she believed was a piece of crack cocaine in his hand. Therefore, Officer Gittins had reason to believe that a felony was being committed in her presence. "If an officer has reason to believe that a person is committing a felony in his [or her] presence by possessing contraband or a controlled substance, the officer has probable cause to arrest the individual without a warrant." Buck, 20 Va. App. at 304, 456 S.E.2d at 537.

Armstrong cites Goodwin v. Commonwealth, 11 Va. App. 363, 398 S.E.2d 690 (1990), in support of his argument that the conduct observed by Officer Gittins, "without evidence of a transaction or even a conversation with a suspected drug dealer,

- 6 -

constitutes innocent behavior."  In Goodwin, the defendant entered a conditional guilty plea to possession of cocaine and possession of a concealed weapon, arguing that the trial court erred in denying his motion to suppress on the ground that the evidence was the product of an illegal search.  Two police officers testified that they observed Goodwin in a "high crime area," and stated that when Goodwin saw them, he "'jammed' his hand into his coat pocket."  Id. at 364-65, 398 S.E.2d at 691. The officers "did not see any item or article in Goodwin's hand or coat pocket."  Id. at 365, 398 S.E.2d at 691.  We reversed his convictions, holding that upon these grounds, "the police lacked adequate grounds to stop Goodwin, and . . . the stop was illegal."  Id. at 367, 398 S.E.2d at 692.  Goodwin is distinguished from the case before us in one very important respect.  Officer Gittins observed Armstrong with what she believed was a piece of crack cocaine in his hand.

Armstrong also argues that Moss v. Commonwealth, 7 Va. App. 305, 373 S.E.2d 170 (1988), supports his argument that Officer Gittins lacked probable cause to arrest Armstrong.  In Moss, we reversed the defendant's conviction for possession of cocaine, holding that the police lacked probable cause or reasonable suspicion to detain him.  The officer observed Moss standing on an intersection with "his arms extended in front of him . . . making a twisting motion with something between his fingers." Id. at 306, 373 S.E.2d at 171.  The officer admitted that he

"couldn't make out what was in" the defendant's hand.  Id. at 308, 373 S.E.2d at 172.  We held that because the officer's observations did not create an adequate basis upon which to stop Moss, "the stop was illegal and the cocaine seized as a result thereof was improperly admitted into evidence."  Id. at 308-09, 373 S.E.2d at 172.  Moss is distinguished from the case before us in one very important respect.  Officer Gittins observed Armstrong with what she believed was a piece of crack cocaine in his hand.

Armstrong also cites DePriest v. Commonwealth, 4 Va. App. 577, 359 S.E.2d 540 (1987), to support his argument that a finding of probable cause requires more than an officer's observation of a suspicious act.  In DePriest, an experienced police officer observed a sequence of events which the Commonwealth argued was typical of a common form of narcotics transaction.  However, the officer "did not observe suspected narcotics change hands, nor did he observe the exchange of any object which in his experience suggested narcotics."  Id. at 585, 359 S.E.2d at 544.  In affirming DePriest's convictions, we held that although the officer's "observations and experience alone" were insufficient to establish probable cause, they did amount to reasonable, articulable suspicion and the subsequent arrest of DePriest was not illegal.  Id. at 584, 585-86, 259 S.E.2d at 543, 544.  Unlike the facts in DePriest, however, here Officer Gittins saw the object in question and, based upon her training and

experience and upon the totality of the circumstances, she did have probable cause to believe that the object was crack cocaine.

Armstrong maintains that the passage of five minutes between the direction to arrest him and the actual arrest undermines the probable cause determination. He argues that "the test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970). In Bryson, the Supreme Court of Virginia held that a police officer who observed a person on the street with a piece of paper under a rubber band on his finger did not have probable cause to arrest him for operation of a lottery under Code § 18.1-340 (repealed 1975), and reversed his conviction.

Armstrong contends that after Officer Gittins first observed him, he drove out of her sight and that when she next saw him, the officer did not see any objects in his hand, nor did she see him talk with anyone or buy anything. Based upon her testimony, Armstrong argues "[a]t the moment just prior to arrest, when she called Officer Wimple to arrest Mr. Armstrong, Officer Gittins had no current knowledge of facts or circumstances to warrant any reasonable person to believe that Mr. Armstrong was committing a felony."

Armstrong's argument has no legal foundation. He seeks to

impose a severe time limitation on the duration of probable cause by arguing that probable cause to arrest exists only at the very moment that the officer observes the occurrence of the criminal activity, and disappears immediately unless the arrest is effectuated at exactly that moment.

At the moment that Officer Gittins called for Armstrong's arrest, her observations had created probable cause for Officer Wimple to arrest him. "If an officer has reason to believe that a person is committing a felony in his [or her] presence by possessing contraband or a controlled substance, the officer has probable cause to arrest the individual without a warrant." Buck, 20 Va. App. at 304, 456 S.E.2d at 537. The passage of five minutes before the arrest was accomplished is of no legal significance.

The search of Armstrong's vehicle constituted a search incident to a lawful arrest. "The only prerequisites to a search of an automobile incident to arrest are that the search is contemporaneous with the arrest and the arrestee's recent occupancy of the vehicle." Glasco v. Commonwealth, 26 Va. App. 763, 773, 497 S.E.2d 150, 154 (1998). Because Armstrong was in the vehicle when Officer Wimple arrested him and the search of the vehicle was immediate, the search of the vehicle was properly conducted incident to his arrest. In addition, "if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search

the vehicle without more." Pennsylvania v. Labron & Kilgore, 518 U.S. 938, 940 (1996).

Even if probable cause did not exist, Armstrong concedes that "the facts in the case at bar provide grounds for reasonable suspicion, at best" for Wimple to conduct a "Terry" stop. Pursuant to a valid stop, the officer may ask the occupants of the vehicle to exit the vehicle. See Hatcher v. Commonwealth, 14 Va. App. 487, 419 S.E.2d 256 (1992). After Armstrong exited the car, the officer saw the crack cocaine in plain view on the passenger floorboard. Evidence may be seized when the officer is lawfully in a position to view the item and the illegal character of the object is immediately apparent to the officer. See Conway v. Commonwealth, 12 Va. App. 711, 718, 407 S.E.2d 310, 314 (1991) (en banc). For any one of the reasons above the motion to suppress was properly denied.

Armstrong also challenges on appeal the sufficiency of the evidence. When the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990). On appeal, the decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it. See King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998).

> To establish "possession" in the legal sense, it is not sufficient to simply show actual or constructive possession of the drug by the defendant. The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.

Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758-59 (1975) (citations omitted).

"Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused." Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

> To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.

Glasco, 26 Va. App. at 774, 497 S.E.2d at 155 (citations omitted).

The trial court found that Armstrong had actual possession of the crack cocaine in his hand and constructive possession five minutes later when the cocaine was found on the floorboard of Armstrong's car near where his right foot had been located. Armstrong admitted that he was a crack cocaine user, and it can

- 12 -

be inferred that he is familiar with its appearance.

Considering the totality of the evidence and any reasonable hypothesis of innocence, the trial judge stated,

>             Somehow or another between the five minute
>             lapse, you want me to speculate that one of
>             those ladies got themselves a piece of crack
>             cocaine, put it on the floor, and that the
>             piece that was in [the defendant's] hands has
>             since been smoked, drunk, or otherwise
>             disposed of, and that the piece that we find
>             on the floor is one of these lady's.  And you
>             want me to believe that because [the
>             defendant], in trying to talk his way out of
>             getting arrested by the police, says it is
>             not me, it is these two girls that are with
>             me.  Now you know, when we use common sense
>             and you try to come to a reasonable
>             conclusion based on the facts that are put in
>             front of you and somebody tells you they saw
>             a guy with a piece of crack cocaine in his
>             hand and five minutes later they stop the car
>             and there is crack lying on the floor and
>             there isn't any crack on anybody else – the
>             car is searched and the man is searched – and
>             I am supposed to dream up an extra piece of
>             crack cocaine to find a reasonable doubt?
>             No, thank you.  I find [Armstrong] guilty as
>             charged.

We do as well.  The conviction is affirmed.

<u>Affirmed</u>.