COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


DON MEREDITH COTTEE
                                            OPINION BY
v.    Record No. 2242-98-2         JUDGE RICHARD S. BRAY
                                         FEBRUARY 1, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                  William H. Shaw, III, Judge

         John C. Jones, Jr., for appellant.

         Richard B. Smith, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.


     Don Meredith Cottee (defendant) was convicted, in a bench

trial, on indictments charging two counts of aggravated

involuntary manslaughter in violation of Code § 18.2-36.1(B).

On appeal, defendant contends that the trial court erroneously

"determined that [his] degree of intoxication by blood alcohol

demonstrate[d] . . . additional conduct so gross, wanton, and

culpable as to show a reckless disregard for human life" within

the intendment of Code § 18.2-36.1(B).  Finding no error, we

affirm the trial court.

     To convict for a violation of Code § 18.2-36.1(B), the

Commonwealth must prove, inter alia, conduct by an accused "so

gross, wanton and culpable as to show a reckless disregard for

human life[.]" Code § 18.2-36.1(B).[1] Such conduct "has come to be known as 'criminal negligence'" in the context of common law vehicular involuntary manslaughter and requires "'acts of commission or omission of a wanton or willful nature, showing a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury . . . and the offender knows or is charged with the knowledge of, the probable results of his acts.'" Keech v. Commonwealth, 9 Va. App. 272, 277, 279, 386 S.E.2d 813, 816, 817 (1989) (emphasis omitted) (citations omitted).

Defendant argued before the trial court that intoxication alone was insufficient to evince the "gross, wanton and culpable" conduct necessary to establish aggravated involuntary manslaughter in violation of Code § 18.2-36.1(B). While acknowledging that evidence of an "alcohol level such that . . . impair[ment] . . . was just so gross and had affected motor skills in such a way that [an accused] was driving nearly comatose . . . might have some

_____

[1] Code § 18.2-36.1 provides, in pertinent part:

> A.  Any person who, as a result of driving under the influence in violation of subdivision (ii), (iii), or (iv) of § 18.2-266, unintentionally causes the death of another person, shall be guilty of involuntary manslaughter.

> B.  If, in addition, the conduct of the defendant was so gross, wanton and culpable as to show a reckless disregard for human life, he shall be guilty of aggravated involuntary manslaughter . . . .

-

bearing" on aggravation, defendant maintained that, before "intoxication can go to the issue of wantonness and recklessness," "the Commonwealth would . . . have to show the particular effect on a particular individual," proof which he found wanting on the instant record.  Thus, defendant's argument, both at trial and on appeal, presumes that the level of intoxication was the only aggravating circumstance in evidence to support the convictions, an assertion belied by the record.

In considering the sufficiency of the evidence on appeal, "'we review the [record] in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  "[T]he decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it."  Armstrong v. Commonwealth, 29 Va. App. 102, 113, 510 S.E.2d 247, 252 (1999).

Here, the testimony of Michael and Jacqueline Dupuis established that the fatal accident occurred on a "dark," "wide," "two lane" rural road at "approximately 8:00 [p.m.]" on a winter evening.  Mr. Dupuis was driving the couple home when "all of a sudden" the headlights of a vehicle operated by defendant "turned on instantly," just ahead and "[a]ll the way" in the Dupuis traffic lane.  Within "a split second," the vehicles collided, resulting in the death of two passengers traveling with defendant.

-

Physical evidence at the accident scene confirmed that the "impact" had occurred in the Dupuis lane.

In a post-arrest interview with Trooper J.E. Ganghorn, defendant admitted "driving around drinking beer mostly," "just riding around racing," "all over the place," for several hours prior to the accident.  Defendant recalled, with laughter, consuming "right much" beer, "lost count" of the quantity, and was unsure "if [he] was on [Dupuis'] side of the road" at the time of the collision.  Incidental to his investigation of the offenses, the trooper counted "[a]t least 30 beer bottles and cans" in defendant's vehicle, "most of them . . . empty."  Hospital tests conducted immediately following the accident fixed defendant's blood alcohol concentration at .23%, a level which a physician witness opined "would impair a lot of motor activities or capabilities of reflex actions, visual identification and other . . . of our activities."

In convicting defendant, the trial judge commented:

> I find the evidence sufficient in each of these cases to find him guilty of aggravated involuntary manslaughter.
>
> We have a man that's clearly, clearly intoxicated, heavily intoxicated.  He's on the wrong side of the road.  I mean, it's simple.  He's driving down the road and he's -- the road curves and he didn't.  And that's really what this is about.
>
> And I heard the testimony of Mr. Dupuis.  He said this is an open area and the pictures indicate that.  And it was dark, there were

-

                    no lights, and all of a sudden there are
                    lights right in front of him.

     Both operating a vehicle on the wrong side of the roadway,
see Zirkle v. Commonwealth, 189 Va. 862, 55 S.E.2d 24 (1949), and
without headlights after dark, see Bell v. Commonwealth, 170 Va.
597, 195 S.E. 675 (1938), are acts sufficient to support a
conviction for common law vehicular involuntary manslaughter.
Manifestly, willfully engaging simultaneously in such gross,
wanton and culpable conduct, after prolonged and excessive
consumption of alcohol had substantially impaired both motor and
intellectual functions, would evince a mindset indifferent to the
safety of others.

     Thus, the several acts of egregious misconduct established by
the instant record combined to clearly aggregate the requisite
gross, wanton and culpable behavior reflective of that reckless
disregard for human life contemplated by Code § 18.2-36.1(B).
Accordingly, we affirm the convictions.

                                                 Affirmed.

                              -