UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Humphreys and Senior Judge Bumgardner
Argued at Salem, Virginia

CLIFFORD RONALD DUGAN, JR.

v.       Record No. 2135-14-3                    MEMORANDUM OPINION[*] BY
                                                 CHIEF JUDGE GLEN A. HUFF
COMMONWEALTH OF VIRGINIA                          NOVEMBER 3, 2015

FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

Thomas L. Phillips, Jr. (Phillips, Morrison, Johnson & Ferrell, on
brief), for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Clifford R. Dugan, Jr. ("appellant") appeals his conviction of possession of

methamphetamine, in violation of Code § 18.2-250.  Following a bench trial in the Amherst

County Circuit Court ("trial court"), appellant was sentenced to five years' incarceration.  On

appeal, appellant contends that the trial court "erred in denying [appellant's] motion to strike the

Commonwealth's evidence on the ground that it was insufficient as a matter of law to prove that

he knowingly and intentionally possessed the methamphetamine discovered during the search of

the vehicle he was driving after he was stopped by Investigator Begley."  For the following

reasons, this Court affirms appellant's conviction.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On October 7, 2013, Amherst County Sheriff's Office Investigator Begley ("Begley") observed a pickup truck with "extremely large . . . mud tires" pass his location.  Begley recognized that appellant was driving the truck and, after having "dispatch check his driving history," initiated a traffic stop because appellant's driver's license had been revoked.  Upon making contact, appellant informed Begley that he was driving because he didn't have another way to get to work.  Appellant also stated that he didn't have "anything illegal" in the truck and preemptively gave Begley permission to search the truck "before [Begley] could even ask for consent."  Appellant also told Begley that his mother, Judy Dugan ("Judy"), "bought the truck for [appellant] from Chadwick Saunders."

While testifying, Begley described the truck as a "work" or "hunting" truck with mud on the floorboard.  Additionally, there was a "shifter" between the front seats that was missing "the rubber boot" around it.  Instead, there was a white towel wrapped around the base of the shifter.  The towel appeared unusual to Begley, so he removed it and "right away" saw "a small ziplock baggie" and "a piece of aluminum foil," both containing a crystalline substance later determined to be methamphetamine.  Upon discovering the contraband, appellant told Begley that "it must have been left in the truck by the previous owner."  Begley responded that he did not believe this explanation because (1) it is "not common practice . . . to leave . . . illicit drugs as . . . that would be basically leaving money," and (2) appellant had a "history . . . before on other meth charges."  Begley estimated the value of the contraband found to be $120.

Judy, testifying for appellant, stated that she bought the truck on September 16, 2013 from Saunders and that it was then taken to a garage for repairs where it remained for "at least two

weeks." She additionally testified that it had only been out of the garage for "two or three days" before appellant was stopped by Begley. While Judy testified that she did not "necessarily" buy the truck for her son, she also conceded that she had never driven it and already owned a different truck.

William Moore ("Moore"), also testifying for appellant, stated that he drove the truck for approximately two months toward the "end of summer" while it was still owned by Saunders. Moore stated that the towel was wrapped around the shifter at the time he drove it and that he never unwrapped it. On cross-examination, Moore admitted that he had been convicted of "four, maybe five" felonies and one misdemeanor involving lying, cheating or stealing.

The trial court denied appellant's motion to strike the evidence and found appellant guilty of possession of a controlled substance in violation of Code § 18.2-250. The trial court specifically found that "[Judy] purchased the car for [appellant]" and that Moore's testimony "that he drove around in this vehicle for a month or more with the towel there and never looked under it is simply not credible." Additionally, the trial court noted that the "photographs show how close to the contraband . . . [appellant] was sitting in the vehicle he had sole control of." Finally, the trial court noted that from observing the photographs, it was "clear" that the towel "was intended to obscure the substance that was ultimately found by the police officer." This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred by denying his motion to strike the Commonwealth's evidence. Specifically, he argues that the evidence was insufficient to prove that he possessed the methamphetamine because it did not demonstrate that he was aware of its presence.

### A. Standard of Review

Our standard for reviewing the sufficiency of the evidence is firmly established:

> [W]hen the sufficiency of the evidence is challenged on appeal, the
> evidence and all reasonable inferences fairly drawn therefrom must

> be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (citations omitted).

Additionally, under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id.

"Determining the credibility of witnesses . . . is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). Therefore, this Court will not disturb the fact finder's determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible." Walker v. Commonwealth, 258 Va. 54, 70-71, 515 S.E.2d 565, 575 (1999). Indeed, "[t]he living record contains many guideposts to the truth which are not in the printed record," and an appellate court, not having the benefit of these guideposts, "should give great weight to the conclusions of those who have seen and heard them." Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955).

### B. Analysis

The legal principles applicable to this case are well established and clearly defined. Code § 18.2-250 makes it unlawful "for any person knowingly or intentionally to possess a controlled substance . . . ." In Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970), the Supreme Court said:

In order to convict a defendant of "possession" of a narcotic drug, . . . it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. Physical possession giving the defendant "immediate and exclusive control" is sufficient. However, the possession need not always be exclusive. The defendant may share it with one or more.

"Thus, to prove possession, the Commonwealth must prove that the defendant knew *what* the substance was, that he knew *where* it was, and that he was asserting dominion over it." Ronald J. Bacigal, Virginia Practice: Criminal Offenses and Defenses 181 (2014-2015 ed.) (citing Armstrong v. Commonwealth, 29 Va. App. 102, 510 S.E.2d 247 (1999)).

"'[P]roof of actual possession is not [always] required;'" however, "'proof of constructive possession will suffice.'" Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (quoting Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998)).

When the Commonwealth is required to prove beyond a reasonable doubt that an accused possessed illicit drugs by establishing constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). "Proof of constructive possession necessarily rests upon circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Id. (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)).

In the present case, appellant only argues that his conviction should be overturned because he was not aware of the contraband's presence. The evidence, however, was sufficient

to demonstrate that he was. First, it is uncontested that appellant was the sole occupant of the truck, which was purchased for him, and that the methamphetamine was subject to his dominion and control. While these circumstances are each insufficient by themselves to establish constructive possession, they are factors that a fact finder may consider when seeking to determine whether a defendant constructively possessed contraband. See Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 87 (1989); Code § 18.2-250(A). And, in the present case, both of these factors support the trial court's conclusion that appellant was aware of the contraband's presence. Specifically, when making its decision, the trial court noted that the "photographs show how close to the contraband . . . [appellant] was sitting in the vehicle he had sole control of."

Additionally, there are other circumstances that support the trial court's determination that appellant was aware of the methamphetamine's presence. When Begley was searching the truck, he testified that the towel "appear[ed] unusual." Similarly, the trial court, after observing photographs which accurately depicted the state of the towel during the search, stated that it was "a loosely wrapped towel" that was "clear[ly] . . . intended to obscure the substance that was ultimately found." As noted above, "[t]he living record contains many guideposts to the truth which are not in the printed record," and this Court, not having the benefit of these guideposts, "should give great weight to the conclusions of those who have seen and heard them." Bradley, 196 Va. at 1136, 86 S.E.2d at 834. As applied to the present case, this Court gives great weight to the conclusions of Begley and the trial court that the towel's appearance was "unusual" and "clear[ly] . . . intended" to hide the contraband. Considering this, it is highly unlikely that appellant never decided to look under the conspicuous towel wrapped around the shifter of his truck, which was just recently bought for him.

Beyond the above circumstances, the evidence also established, without objection, that appellant had a history of involvement in the methamphetamine trade and that Begley had arranged for confidential informants to buy methamphetamine from appellant in the past. This evidence, while insufficient by itself, also supports the trial court's conclusion that the methamphetamine belonged to appellant.

"'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)). In the present case, none of the above circumstances is sufficient by itself to support a finding that appellant was aware of the methamphetamine's presence, but the combined force of these circumstances is. Brickhouse v. Commonwealth, 276 Va. 682, 687, 668 S.E.2d 160, 163 (2008).

Notwithstanding the above, appellant argues that the trial court erred because the circumstantial evidence in this case failed to exclude a reasonable hypothesis of innocence – namely, that the drugs could have been left under the towel by the truck's previous owner, Saunders. "Circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence." Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). In other words, "when circumstantial evidence is used to support a conviction, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.'" Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (quoting Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987)). "The Commonwealth," however, "need only exclude *reasonable* hypotheses of innocence that flow from the evidence." Id. (emphasis added).

"Whether an alternative hypothesis of innocence is reasonable is a question of fact, and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997). Indeed, "[m]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence [remains] a matter for the [fact finder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). In the present case, the trial court, by convicting appellant, necessarily found that his alternative hypothesis of innocence was not reasonable, and this Court is bound by this determination of fact because it is not plainly wrong. Specifically, in order to accept appellant's hypothesis, the trial court would have had to believe that Saunders, who was known to be involved in the cocaine trade, not the methamphetamine trade, left $120 worth of methamphetamine in the truck. This Court has previously noted, however, that a "factfinder is permitted to infer that drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area." Ervin v. Commonwealth, 57 Va. App. 495, 517, 704 S.E.2d 135, 146 (2011). Consequently, the trial court's rejection of appellant's hypothesis was reasonable and is binding on appeal.

## III. CONCLUSION

Accordingly, this Court affirms appellant's conviction because the evidence was sufficient to support the conclusion that appellant constructively possessed the methamphetamine.

Affirmed.