UPON REHEARING EN BANC
ANNUNZIATA, Judge.
Following a jury trial, appellant, Damarcus Mandell Brown, s/k/a DeMarcus M. Brown, was convicted of robbery in violation of Code § 18.2-58. On appeal, Brown argued that the trial court erred in refusing to instruct the jury on attempted robbery. By memorandum opinion issued November 21, 1995, in Damarcus Mandell Brown, s/k/a DeMarcus M. Broum v. Commonwealth of Virginia, Record No. 1341-94-2, a panel of this Court affirmed appellant’s conviction. On appellant’s motion, we stayed the mandate of that decision and granted a rehearing en banc. Upon rehearing en banc, the judgment of the trial court is affirmed. Accordingly, the stay of this Court’s mandate is lifted, and the mandate is reinstated.
As Michael Murphy walked down an alley, appellant approached him from behind and stated “give me your money.” Murphy ignored the comment and kept walking. Appellant demanded Murphy’s money a second time, in a “stern” voice. This time, Murphy turned to find Brown pointing a handgun at him, eighteen inches from Murphy’s head. Appellant again stated “give me your money.” Knowing he had no money in his wallet, Murphy answered, “You’ve got the wrong guy.” *295 Appellant responded, “Give me your wallet.” Murphy then handed appellant his wallet, stating again that he had no money. Appellant looked in the wallet and, seeing no money in it, threw it to the ground as he backed away.
At trial, appellant requested that the court instruct the jury on attempted robbery. The court denied his request. Under the undisputed facts of this case, we find that the trial court correctly refused to grant the attempted robbery instruction.
Robbery is defined at common law as “ ‘the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.’ ” E.g., Beard v. Commonwealth, 19 Va.App. 359, 361-62, 451 S.E.2d 698, 699-700 (1994) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968)). The degree of asportation of the property need only be slight. E.g., id. at 362, 451 S.E.2d at 700. The intent to steal means the intent to deprive the owner permanently of his property. Pierce v. Commonwealth, 205 Va. 528, 532-33, 138 S.E.2d 28, 31 (1964). Personal property is anything of value, but the value of the stolen item is not an element of the crime. Id. at 532, 138 S.E.2d at 31.
An attempt is an “unfinished crime, composed of ... the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design.” See Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968). Where more than a scintilla of credible evidence tends to support a lesser offense, the trial court errs in refusing to instruct the jury thereon. E.g., Miller v. Commonwealth, 5 Va.App. 22, 24, 359 S.E.2d 841, 842 (1987).
Here, no evidence supports an attempted robbery instruction, because the record indisputably shows that appellant completed the crime. Through the use of force, appellant demanded and received Murphy’s wallet with the intent to deprive him permanently of his money. His direct acts did not fall short of the accomplishment of the ultimate design. *296 The fact that the wallet contained no money and was thereafter abandoned does not nullify appellant’s intent to deprive Murphy of his money when he demanded and received the wallet. See Whalen v. Commonwealth, 90 Va. 544, 549, 19 S.E. 182, 183 (1894).
Accordingly, we affirm the conviction.

Affirmed.