COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


STEFAN OMAR SLATER

                                        MEMORANDUM OPINION* BY
v.   Record No. 2219-98-3              JUDGE DONALD W. LEMONS
                                             JUNE 1, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF WYTHE COUNTY
                 J. Colin Campbell, Judge

        S. Jane Chittom (Elwood Earl Sanders, Jr.,
        Appellate Defender; Public Defender
        Commission, on briefs), for appellant.

        Eugene Murphy, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Stefan Omar Slater was convicted in a bench trial of

robbery, a violation of Code § 18.2-58, and malicious wounding,

a violation of Code § 18.2-51.  On appeal, Slater contends that

the evidence was insufficient to support the "taking" element of

robbery.  We disagree and affirm the conviction.

                      I.  BACKGROUND

     On November 28, 1997, Stefan Omar "Lamar" Slater, Tim

Winston, Christian "Skye" Crockett, and Melissa Clement left the

Petro Truck Stop in Wythe County in Clement's car.  Clement

stated that on the drive back to town, Crockett suggested

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

committing a robbery.  The group considered several establishments, but settled upon the Interstate Motor Lodge. Clement parked the car, and Slater, Winston and Crockett exited the car and entered the motel office.  Slater and Winston ran back to the car about five minutes later, and Crockett was picked up across from the motel.  Clement stated that they then drove to the Northwinds Apartments where Crockett took some money "out of his pocket . . . and he started dividing it up." Clement further testified that Crockett split the money into four divisions; giving some to Slater, Winston and Clement, and keeping the rest for himself.

Douglas Jack Edwards, the night shift desk clerk at Interstate Motor Lodge, testified that at 11:15 p.m. on November 28, 1997, he let Slater, Winston and Crockett into the Interstate Motor Lodge.  Winston asked him whether he was working alone, and Slater and Crockett left to view a room. When all three were back in the office area, they asked Edwards whether they could have a room for a cheaper price.  When Edwards refused, "Winston . . . picked up the phone and hit [Edwards] in the face with the phone."  Edwards further testified,

> [a]t that point I was stunned a little bit . . . and I noticed Mr. Slater coming around the corner holding a knife . . . . He said we're going to rob your ass now, put the blade of the knife to my neck, and asked me where the money was.  At the same time I told him that the money was in the drawer

-

under the counter and pointed with my right
arm to the door underneath the counter
. . . .

Edwards stated that Slater proceeded to repeatedly stab him in the neck and chest and then Slater, Crockett and Winston left. Edwards stated that he did not know whether any money was taken.

Kirk Walker Suthers, the co-manager of Interstate Motor Lodge, went to the Lodge on November 29, 1997 at around 12:00 or 12:30 a.m. He testified as follows:

    Q.    When you went in the office, did you
          look into the cash box.

    A.    Yes, I did.

    Q.    And what did you observed [sic]?

    A.    It had been entered into and the money
          from the ones (1's), fives (5's) and
          tens (10's) had been taken and the
          change had been sort of rattled around
          but most of that was still there.

    Q.    So in other words, all the bills that
          would have been exposed had been
          removed?

    A.    That's correct.

    Q.    Do you know the amount approximately
          was [sic]?

    A.    Four Hundred Thirty-five Dollars ($435).

## II.  SUFFICIENCY OF THE EVIDENCE

Where the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light

-

most favorable to the Commonwealth.  See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990).

The only issue in this appeal is whether the "taking" element of robbery has been proven beyond a reasonable doubt. "Robbery is defined at common law as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Brown v. Commonwealth, 24 Va. App. 292, 295, 482 S.E.2d 75, 77 (1997) (citations omitted).  The Commonwealth proved that Crockett, Slater and Winston agreed to commit a robbery at the Interstate Motor Lodge.  The three men went into the office. Slater held a knife to the clerk's throat and demanded, "Where's the money?"  The victim pointed to the cash box.  The victim was repeatedly stabbed by Slater.  The victim did not see the taking of the money; however, Kirk Suthers, the co-manager of the Interstate Motor Lodge, testified that the cash box "had been entered into and the money from the ones (1's), five's (5's) and tens (10's) had been taken out and the change had been sort of rattled around but most of that was still there."  He stated that $435 had been taken.  Additionally, the desk clerk testified that at the beginning of each shift, money was left in the drawer for making change.  He had just begun his shift and had engaged in no cash transactions.  After the robbery, the proceeds of the crime were divided between the participants.

The direct and circumstantial evidence was sufficient to sustain the Commonwealth's burden of proof.  The conviction is affirmed.

Affirmed.