COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


JAMES EDWARD BURKE
                                        OPINION BY
v.    Record No. 0291-98-1     JUDGE RUDOLPH BUMGARDNER, III
                                         JUNE 22, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                   William L. Forbes, Judge

        Jennifer T. Stanton (J.T. Stanton, P.C., on
        brief), for appellant.

        Richard B. Campbell, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     James Edward Burke appeals his conviction after a bench

trial of possession of cocaine.  He challenges the denial of his

motion to suppress and argues that the evidence was not

sufficient to support the conviction.  We conclude that the

trial court did not err and affirm the conviction.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth and grant to it all reasonable inferences

fairly deducible therefrom.  See Archer v. Commonwealth, 26 Va.

App. 1, 11, 492 S.E.2d 826, 831 (1997).  We discard the evidence

of the accused in conflict with that of the Commonwealth, see

Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165

(1988), and do not substitute our judgment for that of the fact

finder.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).

Christopher Zombar was a private security guard working at a private apartment complex.  His job was to "clear up hallways and loitering and stuff."  At 11:30 p.m. during his routine inspection rounds, he saw the defendant and Jermaine Chambley in the upstairs hallway of a two-story building.  The guard was at the bottom of the lit staircase and saw the two bending over as if they were playing dice.  He approached to determine what they were doing and whether they resided in the building.

The guard thought the defendant was rolling a cigarette and asked whether it was marijuana.  The defendant said it was not marijuana but did not drop it when told to do so.  The defendant said he was leaving, came running down the steps, and tried to push past the guard, who blocked his way.  They got in a scuffle that did not end until a second guard arrived and sprayed mace on the defendant.  The first guard arrested the defendant for assault and handcuffed him.  During the fight the defendant had tried to take off his jacket but was unable to do so.  The guard searched in the jacket pocket and found a baggy that later tested positive for cocaine.  He gave it to the police when they arrived.

The defendant argues that the trial court erred in denying his motion to suppress.  He argues that the guard did not have reasonable and articulable suspicion that he was committing a

crime, had no suspicion that he was armed, and no probable cause to believe the defendant had committed a felony. He argues that the guard was either an agent of the state and acted in violation of the Fourth and Fourteenth Amendments or that the guard was a private citizen and lacked authority to make a citizen's arrest. He contends in either case that the trial court should have excluded the evidence found by the guard.

The exclusionary rule only applies when a defendant is deprived of constitutional rights. See Thompson v. Commonwealth, 10 Va. App. 117, 122, 390 S.E.2d 198, 201 (1990). Only government action implicates these rights. See United States v. Jacobsen, 466 U.S. 109, 113 (1984). Accordingly, a search by a private citizen does not involve the Fourth Amendment, and the exclusionary rule does not apply to evidence discovered during such a search. See id. at 113-14; Mills v. Commonwealth, 14 Va. App. 459, 463, 418 S.E.2d 718, 720 (1992). The defendant concedes that the guard was acting in a private capacity and that there was no evidence of any agency relationship with the police. Thus, we find no merit in his contention that his Fourth Amendment rights were violated.

Next, the defendant argues that the evidence was insufficient to prove that he knew the nature and character of the substance. The Commonwealth must prove that the defendant was aware of the presence and character of the drug and that he consciously and intentionally possessed it. See Josephs v.

Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

The defendant concedes that he possessed the drug found in his jacket pocket but claims there is no evidence that he knew its nature and character. "Possession of a controlled drug gives rise to an inference of the defendant's knowledge of its character." Josephs, 10 Va. App. at 101, 390 S.E.2d at 498-99 (citations omitted). Constructive possession may be proven by evidence of acts, declarations or conduct of the defendant from which the fact finder may infer that he knew of the existence of the drugs in the place where they were found. See Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970).

Here, the security guard approached the defendant in the staircase and asked whether he lived in the building and had marijuana. He told the defendant to put the cigarette down and to come downstairs. The defendant became belligerent, began cursing, and tried to push past the guard. Before and during the struggle that ensued, the defendant was trying to remove his jacket. After the fight, the guards found drugs in his jacket pocket. The guard found the item on the defendant's person, in the clothing he wore. The defendant's actions together with his physical possession of the drug support the finding that he knew its nature and character.

The trial court did not have to believe the defendant's version of the encounter with the guard. The fact finder

evaluates the credibility of witnesses and the weight accorded their testimony.  See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  Further, the fact finder may disbelieve the self-serving testimony of the accused and conclude that he is lying to conceal his guilt.  See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  Finally, the trial court is entitled to infer guilt from the defendant's attempt to leave when confronted by the guard.  See Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996), cert. denied, 117 S. Ct. 972 (1997) (following the commission of a crime, the defendant's flight is evidence of guilt).  We conclude that the evidence was sufficient to sustain the conviction.

Affirmed.