COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Retired Judge Olitsky[*]
Argued at Richmond, Virginia


STEVEN LAMONT CARNEY

                                      MEMORANDUM OPINION[**] BY
v.    Record No. 0137-99-2            JUDGE NORMAN OLITSKY
                                           JULY 18, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Robert W. Duling, Judge

              Patricia P. Nagel, Assistant Public Defender
              (David J. Johnson, Public Defender, on
              brief), for appellant.

              Eugene Murphy, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Steven Lamont Carney, appellant, was convicted of robbery and

the use of a firearm in the commission of robbery.  Appellant

argues on appeal that the evidence was insufficient to prove he

committed the offenses.  We affirm his convictions.

                              FACTS

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

---

[*] Retired Judge Norman Olitsky took part in the consideration of this case by designation pursuant to Code § 17.1-400, recodifying Code § 17-116.01.

[**] Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). Officer John Rockwood testified that on June 23, 1998 at approximately 2:45 to 3:00 a.m., he was traveling in a marked police vehicle with Officer Charles Edmonds. As they approached a parking lot, they saw four men standing in a group. Two of the men had their hands up. Rockwood testified that appellant and the other man were "[h]olding guns on them." Rockwood then saw appellant "reach out and grab something off the chest" of Tesfa Borland. Rockwood testified that the item "turned out to be a gold medallion necklace."

When appellant and his accomplice, Damond Hilliard, saw the police officers, Hilliard threw down his gun. He and appellant fled in a car. Rockwood testified that Borland said, "[T]hey just robbed me."

After the police pursued and stopped appellant's vehicle, appellant fled on foot. The officers apprehended appellant and searched him incident to his arrest. They recovered a gold necklace and a medallion from appellant's pocket. The chain had "snapped." Rockwood testified this was the item he saw appellant remove from Borland's chest. In addition, the officers recovered a gun from the path of pursuit. Rockwood testified the gun looked "like the weapon" appellant held during the incident in the parking lot.

-

Officer Edmonds testified he saw the men standing together in the parking lot, but he did not see any weapons.  Edmonds also testified that Borland told the officers, "[T]hey just robbed me."  The trial judge convicted appellant of robbery and use of a firearm in the commission of robbery.

ANALYSIS

Appellant contends the evidence was insufficient to support the convictions because the Commonwealth failed to prove the necklace recovered from appellant was the "personal property of another" or that Borland had a right to possession of the necklace superior to the rights of all others.  Appellant also contends the evidence failed to prove the item was taken against Borland's will, by force or violence, and that appellant intended to steal the necklace.

Appellant first argues that Rockwood's identification of the victim as Borland was inadmissible hearsay evidence. Appellant did not appeal that issue however.  Thus, in the absence of an appeal from the ruling on admissibility of the evidence, we assume for purposes of deciding the issue of sufficiency that the evidence was properly considered.  See e.g., Bell v. Commonwealth, 22 Va. App. 93, 99 n.1, 468 S.E.2d 114, 117 n.1 (1996); McQuinn v. Commonwealth, 19 Va. App. 418, 424, 451 S.E.2d 704, 707 (1994), aff'd on other grounds, 20 Va. App. 753, 460 S.E.2d 624 (1995) (en banc).

-

"Robbery is defined at common law as '"the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."'" Brown v. Commonwealth, 24 Va. App. 292, 295, 482 S.E.2d 75, 77 (1997) (citation omitted).

> In the commission of robbery the property must be taken by force and violence, not necessarily from the owner, but from any person in possession thereof whose right of possession is superior to that of the robber. The very fact that property is taken from a person by the use of firearms, violence or threatened violence, is, within and of itself, sufficient to show that the person from whom it was taken was in possession thereof.

Johnson v. Commonwealth, 215 Va. 495, 496, 211 S.E.2d 71, 72 (1975).

Rockwood testified he saw appellant point a gun at Borland, then "reach out and grab" something from Borland's chest. Borland then exclaimed to the police, "[T]hey just robbed me." Rockwood recovered a gold necklace and medallion from appellant's pocket. The recovered necklace had a broken chain. From that statement, the trial judge could infer that appellant took personal property belonging to Borland. Clearly, this evidence, if believed, proved the necklace was in Borland's possession when appellant took it and that appellant took the necklace against Borland's will.

Moreover, appellant failed to present any evidence to support his "claim of right" theory, and the trial judge did not

-

accept appellant's "claim of right" argument.  Appellant's conduct was inconsistent with a claim of right.  Appellant fled from the police both in a car and on foot just after the incident.  "Flight following the commission of a crime is evidence of guilt . . . ."  Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996).  In addition, the police recovered a gun from the path of the pursuit, and Rockwood stated that the gun had the appearance of the weapon he saw appellant point at Borland.

The trial judge believed the testimony of the Commonwealth's witnesses.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The testimony of the Commonwealth's witnesses was competent and was not inherently incredible.  From the evidence presented, the trial judge could conclude beyond a reasonable doubt that appellant took, with the intent to steal, personal property belonging to Borland, from Borland's person, against Borland's will, by violence or intimidation.  The trial judge could further conclude that appellant used a firearm in the commission of the robbery.

Accordingly, the convictions are affirmed.

Affirmed.

-