COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


MELVIN L. GILMORE

                                         MEMORANDUM OPINION* BY
v.    Record No. 2130-00-2            JUDGE ROBERT J. HUMPHREYS
                                            OCTOBER 30, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                      William L. Wellons, Judge

            Buddy A. Ward, Public Defender (Robert R.
            Meeks, Senior Assistant Public Defender;
            Office of the Public Defender, on brief), for
            appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Randolph A. Beales, Acting Attorney
            General, on brief), for appellee.


     Melvin L. Gilmore appeals his conviction, after a bench

trial, for possession of cocaine.  Gilmore contends that the

trial court erred in finding the evidence sufficient to support

the conviction.  Specifically, Gilmore argues that the

Commonwealth failed to establish that he possessed cocaine with

the requisite knowledge of the nature and character of the

substance.  We disagree and affirm his conviction.  Because this

opinion has no precedential value, we recite only those facts

central to our holding.

─────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On October 15, 1999, at approximately 10:15 p.m., Officer Merlin Burchette of the Chase City Police Department was assisting a fellow officer in a routine traffic stop. The female driver gave the officers permission to search the vehicle, and the officers asked both the driver and Gilmore, who was sitting in the front passenger seat, to step out of the vehicle to facilitate the search. Officer Burchette observed that Gilmore acted "jittery and [was fidgeting]" as he stepped out of the vehicle, so he asked Gilmore if he could pat him down to search for drugs and weapons. Gilmore replied that "he didn't have a problem with it." Upon completing the pat-down search, Burchette noticed "a hard or a rough feeling object on the outer right side of [Gilmore's] leg." Burchette then raised Gilmore's pant leg and a glass tube fell out onto the ground. Burchette asked Gilmore what the tube was, and Gilmore stated that he had "picked it up off the floor [of the car] and another individual put it there, and then [Gilmore] picked it up and put it in his sock."

Officer Burchette, who was trained in the area of narcotics investigation, believed that the glass tube, which contained a black colored substance and a light-brown colored substance, was a smoking device for crack cocaine. Accordingly, he placed Gilmore under arrest and read him his Miranda rights. After being tested, the lab certificate established that the tube indeed contained cocaine residue.

-

At trial, Gilmore testified that at the time he picked the tube up off of the floor, he did not know what it was, nor did he know that it contained a controlled substance.  He stated that there was a third person in the car who was sitting in the rear seat.  After the car was stopped, Gilmore claimed that the rear passenger threw the tube to the front of the car.  When the officers asked to search the car, Gilmore stated that he picked the tube up off of the floor and concealed it inside his sock because he knew something was wrong and wanted to protect the female driver, who was a friend of his.  Gilmore testified, "I couldn't throw it out the window or anything like that, so I just stuck it inside my sock."  The trial court denied Gilmore's motions to strike and ultimately found Gilmore guilty of the offense.  On appeal, Gilmore argues that the trial court erred in finding the evidence sufficient to establish he possessed the cocaine with the requisite knowledge of the nature and character of the substance.

> Where the sufficiency of the evidence
> is challenged after conviction, it is our
> duty to consider it in the light most
> favorable to the Commonwealth and give it
> all reasonable inferences fairly deducible
> therefrom.  We should affirm the judgment
> unless it appears from the evidence that the
> judgment is plainly wrong or without
> evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Furthermore, "[w]itness credibility, the weight accorded the testimony and the inferences to be drawn from

proven facts are matters to be determined by the fact finder, and the trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." Sapp v. Commonwealth, 35 Va. App. 519, 526, 546 S.E.2d 245, 249 (2001) (citing Code § 8.01-680; Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989)).

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998). As stated by the trial court, possession is not an issue in the case. Gilmore clearly acknowledged that he obtained actual possession of the glass tube containing cocaine when he picked it up from the floor of the vehicle.

However, "'[t]o establish "possession" in the legal sense, it is not sufficient to simply show actual or constructive possession of the drug by the defendant. The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.'" Armstrong v. Commonwealth, 29 Va. App. 102, 114, 510 S.E.2d 247, 252 (1999) (quoting Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758-59 (1975)). "Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused." Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981). Moreover, mere "[p]ossession of a controlled drug gives rise to

-

an inference of the defendant's knowledge of its character."
Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491,
498-99 (1990) (en banc).

Here, Gilmore's actions in picking up the glass tube and
attempting to conceal it before the police searched the vehicle,
together with his physical possession of the tube containing the
cocaine, support the trial court's finding that Gilmore had
knowledge of the nature and character of the substance contained
in the glass tube.  We recognize that where, as here, the
element of knowledge "is based on circumstantial evidence, 'all
necessary circumstances proved must be consistent with guilt and
inconsistent with innocence and exclude every reasonable
hypothesis of innocence.'"  Garland v. Commonwealth, 225 Va.
182, 184, 300 S.E.2d 783, 784 (1983) (quoting Carter v.
Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982)).
Nevertheless, the trial court did not have to believe Gilmore's
version of the events surrounding his possession of the glass
tube.  Indeed, as stated above, it is the fact finder who
"evaluates the credibility of witnesses and the weight accorded
their testimony.  Further, the fact finder may disbelieve the
self-serving testimony of the accused and conclude that he is
lying to conceal his guilt."  Burke v. Commonwealth, 30 Va. App.
89, 93, 515 S.E.2d 777, 779 (1999) (citations omitted).

-

Accordingly, we conclude that the evidence was sufficient to sustain the conviction.

<u>Affirmed.</u>