COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Richmond, Virginia


TIFFANY SHAKEYA POLLARD
                                        MEMORANDUM OPINION*
v.    Record No. 1424-01-2              PER CURIAM
                                        APRIL 2, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Learned D. Barry, Judge

          (Ali J. Amirshahi, on brief), for appellant.
          Appellant submitting on brief.

          (Jerry W. Kilgore, Attorney General;
          Richard B. Smith, Senior Assistant Attorney
          General, on brief), for appellee.  Appellee
          submitting on brief.


     Tiffany Shakeya Pollard, appellant, appeals her robbery

conviction.  Appellant contends the evidence was not sufficient to

show she intended to permanently deprive another of property.

Finding no error, the judgment of the trial court is affirmed.

                          BACKGROUND

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).  "The credibility of the witnesses and the

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness. Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

In this light, the evidence showed that Sylvia Wimbush was in her home on November 28, 2000, at 1:20 a.m., when appellant, accompanied by three other people, knocked at Wimbush's door. Wimbush allowed the four people to enter her home. Wimbush admitted owing appellant and one other confederate money for drugs. Not having the money to pay her debt, appellant and the others stated they were going to take some of her property for "collateral." James Brown was staying at the home and offered to pay the debt at a later time. One of the codefendants left and returned with a firearm. Appellant acquired the gun, pointed it

-

toward Wimbush, her daughter, and Brown. Appellant directed her confederates to take the property. The group took a television, stereo, and compact disc player. Appellant returned the property to Wimbush after she learned of the robbery warrant against her for this taking.

## ANALYSIS

"Robbery is defined at common law as '"the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will by violence or intimidation."' . . . The intent to steal means the intent to deprive the owner permanently of his property." Brown v. Commonwealth, 24 Va. App. 292, 295, 482 S.E.2d 75, 77 (1997) (en banc) (citations omitted). "To take property under a bona fide claim of right, as under . . . a bona fide attempt to enforce payment of a debt, is not robbery though the taking be accompanied by violence or putting in fear." Pierce v. Commonwealth, 205 Va. 528, 533, 138 S.E.2d 28, 31 (1964) (citation omitted). "But if the claim of right is a mere pretext covering the intent to steal, the taking by violence is robbery." Id. at 533, 138 S.E.2d at 32 (citation omitted).

Although Wimbush admitted owing appellant $30, and one other codefendant $110, there was a discrepancy in the evidence as to how much money Wimbush owed. Nevertheless, appellant took possession of the gun and pointed it at Wimbush, her daughter,

-

and Brown, placing them in fear of bodily harm.  Wimbush did not want appellant or the others to take the property as collateral or otherwise.  Appellant refused to accept Brown's offer to pay the debt later and took the property against Wimbush's will under the pretext of satisfying the debt.  Further, the trial court was entitled to disbelieve appellant's statements and testimony that she took the property solely for collateral and would have returned it upon payment of the debt.  Therefore, the evidence was sufficient to prove appellant had the requisite intent to permanently deprive Wimbush of the property.  Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>