COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


MICHAEL TYRONE JORDAN

v.      Record No. 1155-06-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE WALTER S. FELTON, JR.
JUNE 26, 2007


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

S. Jane Chittom, Appellate Defender (Office of the Appellate
Defender, on briefs), for appellant.

J. Robert Bryden, II, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Michael Tyrone Jordan (appellant) was convicted following a bench trial of attempted

robbery in violation of Code § 18.2-58, possession of cocaine in violation of Code § 18.2-250,

possession of heroin in violation of Code § 18.2-250, and possession of a firearm while in

possession of a controlled substance in violation of Code § 18.2-308.4. On appeal, appellant

contends that the evidence was insufficient to convict him of attempted robbery, possession of

heroin, and possession of a firearm while in possession of a controlled substance.[1] Specifically, he

contends that the evidence failed to establish that he intended to rob Portsmouth Police Detective

Lipscolm (Lipscolm) or that he committed any overt act toward robbing Lipscolm. He also

contends that the evidence was insufficient to prove he knowingly and intentionally possessed a

firearm while in possession of a controlled substance, and that he knowingly and intentionally

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's conviction of possession of cocaine is not before us in this appeal.

possessed heroin located on a dollar bill in his possession. For the reasons that follow, we affirm appellant's convictions.

## I. BACKGROUND

On October 11, 2005, at approximately 2:15 p.m., Lipscolm, an on-duty undercover Portsmouth Police Detective, was leaving a convenience store and returning to his car when he noticed appellant exiting the driver's door of a car parked at a gas pump approximately thirty to thirty-five feet away from his car.[2] As Lipscolm was preparing to get into his car, appellant walked past him toward the front door of the store and, without "breaking his stride," asked Lipscolm, "Do you have fifty cents that I could have?" Lipscolm told him, "I don't have any money and if I did[,] [] I wouldn't give it away." While continuing to walk toward the front door of the store, appellant then stated, "If I thought you had any money, I would come at you another way and take your money." Lipscolm then asked, "What do you mean?" With an expressionless look on his face, appellant turned around, walked back toward Lipscolm at double the pace he had been walking, and told Lipscolm that he would take his money. Aware of appellant's size,[3] Lipscolm "felt threatened," and stepped away from the door of his car. Appellant continued toward him, to within a few feet, at which time Lipscolm pulled out his badge. Even so, appellant "took a couple more steps [toward Lipscolm] and at that point . . . [Lipscolm] pulled [his] firearm out and told him to put his hands where [Lipscolm] could see them." In response to Lipscolm's directive, appellant put his hands on Lipscolm's car. Lipscolm then handcuffed and arrested appellant.

---

[2] Lipscolm was dressed in plain clothes and was driving an unmarked car. Both his badge and weapon were concealed inside his clothing during his initial exchange with appellant.

[3] Lipscolm is five feet, six and one-half inches tall. Appellant is approximately six feet, two inches tall and weighs approximately 250 pounds.

In the search incident to the arrest, Lipscolm found what was later determined to be cocaine in appellant's pocket. He also found a loaded firearm in the "map pocket" behind the front passenger seat of the car appellant drove to the store. A dollar bill with a visible white substance on it was recovered during a more extensive search of appellant at the police holding cell. The white substance was later determined to be heroin.

Appellant was convicted following a bench trial of possession of cocaine and possession of heroin. The trial court kept under advisement, for further consideration, whether the evidence proved appellant's guilt of attempted robbery and possession of a firearm while in possession of a controlled substance. The trial court subsequently convicted appellant of those offenses. This appeal followed.

## II. ANALYSIS

In each of appellant's four allegations of trial court error, he argues that the evidence was insufficient to prove a necessary element of each of the offenses of which he was convicted. "Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

"[I]t is the appellate court's duty to examine the evidence that tends to support the convictions and to permit the convictions to stand unless they are plainly wrong or without evidentiary support." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code § 8.01-680). "If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Id.

*A. Attempted Robbery*

Appellant argues that there is insufficient evidence in the record to support the trial court's finding that he possessed the specific intent to rob Lipscolm or that he committed a "direct act" toward the robbery of Lipscolm. He argues that the evidence shows, at most, that he responded to a "perceived threat from Lipscolm," and that his words directed at Lipscolm amounted to no more than "macho posturing," not a demand for money. He also argues that the evidence failed to establish that he committed any direct act that amounted to the commencement of the consummation of the robbery of Lipscolm.

"Robbery is defined at common law as 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation,'" Brown v. Commonwealth, 24 Va. App. 292, 295, 482 S.E.2d 75, 77 (1997) (quoting Beard v. Commonwealth, 19 Va. App. 359, 361-62, 451 S.E.2d 698, 699-700 (1994)). "An attempt is an 'unfinished crime, composed of . . . the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design.'" Id. (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968)). "The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged." Holley v. Commonwealth, 44 Va. App. 228, 234, 604 S.E.2d 127, 130 (2004) (quoting Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987)). "Specific intent may be shown by . . . a person's conduct or by his statements. The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991) (internal citations omitted). "[T]he fact finder is often allowed broad latitude in determining the specific intent of the actor." Fortune v. Commonwealth, 14 Va. App. 225, 229, 416 S.E.2d 25, 27 (1992). In addition to proving his criminal intent, the Commonwealth

must also prove that appellant committed some overt act, a substantial step in furtherance of the commission of the crime, "because without [the overt act], there is too much uncertainty as to the accused's actual intent." Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986). "[W]here intent has been shown, any slight act done in furtherance of this intent will constitute an attempt." Fortune, 14 Va. App. at 229, 416 S.E.2d at 28.

In determining whether the evidence presented at trial is sufficient to prove that appellant possessed the specific intent to rob Lipscolm, we consider appellant's conduct and statements toward Lipscolm at the time the events occurred. Hancock, 12 Va. App. at 782, 407 S.E.2d at 306. From our review of the record, we find that there is credible evidence to support the trial court's conclusion that appellant intended to take money from Lipscolm by force or intimidation, and that his conduct reached "far enough toward the accomplishment of the desired result to amount to the commencement of the consummation" of that criminal purpose. Howard v. Commonwealth, 207 Va. 222, 227, 148 S.E.2d 800, 804 (1966) (citations omitted). After the initial verbal exchange between appellant and Lipscolm, Lipscolm asked appellant, "[w]hat do you mean?" Appellant turned around, told Lipscolm he would take his money, and walked briskly back toward him. Lipscolm testified that

> at this point, he wasn't in the same walk that he was in as he was walking from the gas pumps and going past,
>
>        *      *      *      *      *      *      *
>
> At that point I felt threatened, especially when he started to come back towards me.
>
>        *      *      *      *      *      *      *
>
> His hands went down toward his . . . waist area and they may have been going towards his pocket. . . . It concerned me to the point that I stepped away from the door jam of my car and the first thing I did was pull my badge out. . . . He probably took a couple more steps and at that point is when I pulled my firearm out and told him to put his hands where I could see them.

- 5 -

Viewing the evidence in the light most favorable to the Commonwealth, the record shows that a reasonable fact finder could conclude that appellant's words and conduct established that he had formed the specific intent to take money from Lipscolm by force or intimidation, and his words and conduct corroborated the firmness of that criminal purpose. Whether appellant's purpose to take Lipscolm's money was prompted by anger or otherwise is not important. Where, as here, the words and conduct of the accused clearly established he intended to take Lipscolm's property by force or intimidation, a purpose he would have accomplished absent some external interrupting force, he is guilty of attempted robbery. For these reasons, we affirm the trial court's conviction of appellant for attempted robbery.

### B. Possession of Heroin

Appellant argues that there was insufficient evidence from which the trial court could find that he knowingly possessed the small amount of heroin residue located on the dollar bill found in his pocket following his arrest. He asserts that "[t]he natural inference is that he intended to spend the dollar bill in the store, not to possess the bill or the heroin on it."

To sustain a conviction for possession of illegal drugs, "[t]he Commonwealth must prove that the defendant was aware of the presence and character of the drug and that he consciously and intentionally possessed it." Burke v. Commonwealth, 30 Va. App. 89, 92, 515 S.E.2d 777, 779 (1999). "Possession of a controlled drug gives rise to an inference of the defendant's knowledge of its character." Id. at 93, 515 S.E.2d at 779 (quoting Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990) (*en banc*)). We have previously held that where the amount of illegal drugs seized is sufficient to conduct qualitative tests to determine the nature of the substance, and the sample is more than a microscopic quantity, the amount is sufficient to support a conviction for possession of illegal drugs. Stanley v. Commonwealth, 12 Va. App. 867, 873, 407 S.E.2d 13, 17 (1991) (citing Robbs v. Commonwealth, 11 Va. 153, 154, 176 S.E.2d 429, 430 (1970)).

We find that there is credible evidence in the record to support the trial court's finding that appellant knowingly possessed heroin. There is no dispute that at the time of his arrest, appellant knowingly and intentionally possessed a dollar bill on which the heroin residue was located. The uncontradicted evidence at trial was that when Lipscolm initially handcuffed appellant, appellant had a dollar bill clinched in his hand. Lipscolm removed the dollar bill from appellant's hand and "shoved it back down into [appellant's] pocket" where it was later removed by an officer during a subsequent search at the holding cell. When it was removed from appellant's pocket, the dollar bill was crumbled in a ball. After it was unfolded, the officer saw a white powder residue clearly visible on the bill. Subsequent testing of the residue revealed it to be heroin.

Although the amount of heroin recovered from the bill was small, it was not a microscopic amount. The white powder was clearly visible to the officers, and the sample size was sufficient to conduct tests confirming the nature of the substance. The trial court could reasonably infer that appellant could see the same white residue clearly visible to the officers on the dollar bill and was aware of its nature and character. It could also reasonably infer from the cocaine found in appellant's pocket that he was familiar with illegal drugs and the manner that they are used and transported. Accordingly, we conclude from the record that the trial court could reasonably find that appellant knowingly possessed heroin in violation of Code § 18.2-250.

### C. Possession of a Firearm While Possessing Drugs

Appellant argues that there was insufficient evidence from which the trial court could find that he knowingly and intentionally possessed the firearm discovered in the car he was driving immediately prior to his arrest. He contends that the discovery of the firearm in that car was insufficient to prove that he constructively possessed it.

> To support a conviction based upon constructive possession, the
> Commonwealth 'must point to evidence of acts, statements or
> conduct of the accused or other facts or circumstances which tend
> to show that the defendant was aware of both the presence and

character of the substance and that it was subject to his dominion and control.'

Jefferson v. Commonwealth, 14 Va. App. 77, 80, 414 S.E.2d 860, 862 (1992) (quoting Brown v. Commonwealth, 5 Va. App. 489, 491-92, 364 S.E.2d 773, 774 (1998)).  "Ownership or occupancy of a vehicle . . . where [a firearm is] found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle . . . in order to prove that the owner or occupant constructively possessed the contraband."  Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).  "[P]roof that a person is in close proximity to contraband is [also] a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant . . . of a vehicle, the person necessarily knows the presence . . . of [contraband] that is found there."  Id.

We conclude that credible evidence, and reasonable inferences drawn therefrom, support the trial court's finding that appellant knowingly possessed the firearm found in the car he was driving immediately prior to his arrest.  Although appellant did not own the car, his mother testified that the gun recovered from the car was not her gun, that she gave the car to appellant in 2004, and that she did not use the car at all in 2005.  When appellant arrived at the store, he was the only person in the car.  No one entered the car after appellant arrived at the store.  When discovered in the car, the firearm was positioned in the map pocket behind the passenger's seat, providing appellant with easy access to retrieve the firearm for use.  Based on these facts, supported by credible evidence in the record, we affirm the trial court's conviction of appellant of possession of a firearm while in possession of a controlled substance in violation of Code § 18.2-308.4.

### III.  CONCLUSION

The record on appeal contains credible evidence to support the trial court's finding that the evidence was sufficient to convict appellant of attempted robbery, possession of heroin, and

possession of a firearm while in possession of a controlled substance.  Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>