## Richmond

CHARLES LOUIS BUONO v. COMMONWEALTH OF VIRGINIA.

January 15, 1973.

Record No. 8044.

Present, All the Justices.

*Alexander Z. Matzanias,* for plaintiff in error.

*William A. Carter, III, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant was convicted and sentenced by the trial court for feloniously possessing marijuana, a controlled drug, with the intent to distribute the same.

Two city detectives, acting on a tip, went to the baggage room of a bus station in the City of Richmond at about 1:00 p.m. on September 20, 1971, where they examined a package addressed to Charlie Buono, 2706 East Grace Street, Apartment 2, Richmond, Virginia. The return address on the package was David Reese, 1038 East Corona Drive, Yuma, Arizona.

In examining the package one of the detectives noticed a small slit at one corner. Through this slit he saw what appeared to him to be marijuana. The detectives then "staked out" the baggage room.

At approximately 3:00 p.m., two hours later, the defendant's wife came to the baggage room and asked for the package. After the package was delivered to her, Mrs. Buono was photographed by the detectives and placed under arrest.

Several minutes later the defendant, who had been circling the block in his car, entered the bus station. One of the detectives related that he saw the defendant enter the bus station and that "I moved toward him, he went to back off and I grabbed him."

After his arrest the defendant denied that the drugs were his property. The evidence shows that he came to the bus station in response to a phone call advising him that a package addressed to him had arrived there.

Later investigation established that the name "David Reese" and the address "1038 East Corona Drive, Yuma, Arizona" were fictitious.

To establish "possession" in a legal sense it is not sufficient to simply show actual or constructive possession of the drug by the defendant. The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character. *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S. E. 2d 799, 805 (1970).

The evidence here fails to meet the standard established by *Ritter*. The judgment is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*