## Richmond

MARY LOUISE BURTON v. COMMONWEALTH OF VIRGINIA.

April 28, 1975.

Record No. 740869.

Present, All the Justices.

*Robert L. Taylor (Martin, Hopkins & Lemon,* on brief), for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Mary Louise Burton, having waived trial by jury, was convicted by the court below of the misdemeanor of distributing for accommodation a controlled substance, methylphenidate, and was given a suspended sentence of six months in jail. We consider whether the evidence was sufficient to support her conviction.

On October 28, 1973, Burton visited Ronald Wayne Dooley, who was then confined in the Roanoke City jail, and took with her a laundry bag which contained a change of clothing for the prisoner. The clothing was examined, and it was discovered that drugs had been concealed in the hems of the trousers and in the belt loops. Deputy Sheriff Earl E. Stover testified that Burton arrived at the jail at 1:35 p. m., visited Dooley for 35 minutes and upon leaving told a police officer that she had brought Dooley

some clothes which were in her parked automobile. He said that Burton delivered the laundry bag to him a few minutes later.

The officers had been alerted by an informer to search any clothing delivered to Dooley. The informer told them that on October 24th drugs had been smuggled to Dooley in clothing, and that more drugs were to be delivered on October 28th. This evidence was admitted solely to show the reason for the search.

Burton testified that she had no knowledge of the drugs; that she had known Dooley and his sister, Sandra Fulton, for two years; that she and Sandra had visited Dooley in July when he was confined to jail; and that she had accompanied his mother to see him on October 24th, at which time the mother "had a little bag of clothes that I carried in. I met her on her lunch hour and . . . we came down together". Burton testified that on October 28th she called Sandra and asked if anyone was going to visit Dooley that day. Sandra said she was sick, and her mother was not going to visit Dooley. She further told defendant that Dooley had called and asked her to bring him some clean clothes. Burton then volunteered to take the clothes to Dooley and went by Sandra's house and picked up the bag of clothing which had been collected by Sandra for her brother.

Dooley's mother did not testify. Dooley was called by the defendant but on advice of counsel refused to testify. Sandra corroborated the testimony given by Burton. She said that her brother had been a fugitive and, prior to surrendering to the police, he brought a suitcase containing his clothing to her home, which she and her mother occupied. She said that all the clothes delivered to Dooley had been removed from that suitcase, and that she packed the bag of clothing for Burton to deliver to him on October 28th.

To show guilty knowledge and intent to distribute, the Commonwealth relies upon the fact that Burton volunteered to take the clothing to Ronald Dooley; that she delivered the clothing to the jail; and that the clothing had drugs hidden therein.

Burton is a widow with two children, her husband having died in Vietnam. Witnesses testified that her reputation for truth and honesty is good. The fact that defendant visited Dooley once in July and twice in October might indicate some interest by her in the man. However, the testimony showed her connection with

the Dooley family was through her friendship with Sandra. While there may be some suspicion that Burton had knowledge of the drugs, Dooley's mother and sister had equal or greater opportunity and motive to conceal the drugs in his clothing. Further, it is equally possible that Dooley alone had knowledge of the drugs. He might well have concealed them to be assured of a source of supply during his incarceration, and with the knowledge that he could get some innocent relative or friend to bring him the clothes upon request. Dooley knew where the drugs were concealed for Stover testified that about a month after the drugs were discovered Dooley commented, "You didn't find all the drugs", and showed Stover where additional pills were hidden.

Although the Commonwealth established that the defendant was in possession of the drugs, it was not established beyond a reasonable doubt that she was knowingly and intentionally in possession. In *Buono* v. *Commonwealth,* 213 Va. 475, 476, 193 S. E. 2d 798, 799 (1973), we held:

> "To establish 'possession' in a legal sense it is not sufficient to simply show actual or constructive possession of the drug by the defendant. The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character. *Ritter* v. *Commonwealth,* 210 Va. 732, 741, 173 S. E. 2d 799, 805 (1970)."

The evidence does not exclude all reasonable conclusions inconsistent with that of defendant's guilt. It does not overcome the presumption of innocence to which she is entitled.

The judgment of the lower court is reversed and the indictment is dismissed.

*Reversed and dismissed.*