COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


MILTON GAITHER

v.  Record No. 0610-96-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. BENTON, JR.
JUNE 24, 1997

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Mary Katherine Martin, Senior Assistant
Public Defender, for appellant.

Daniel J. Munroe, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Milton Gaither was convicted on charges of conspiracy to distribute cocaine, see Code § 18.2-256, and attempted possession of cocaine with intent to distribute.  See Code § 18.2-248.  He contends that the evidence was insufficient to sustain the convictions.  We agree and reverse the convictions.

I.

The evidence proved that Detective David E. Hamilton received information on November 18, 1993 about a package that would be arriving at the Greyhound Bus Station in the City of Petersburg in the name of Milton Gaither.  After the detective found a package at the station addressed to Gaither, a dog trained to detect narcotics "alerted" on the package.  The

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

detective then obtained a search warrant, searched the package, and found men's clothing inside the package.  Inside the pockets of an item of clothing, the detective found bags containing an off-white, chunky substance.  The substance was found to be 71 grams of cocaine.

The detective removed the cocaine, resealed the package, and returned the package to the bus station.  The detective and other officers waited for Gaither to arrive for the package.  That same day, one of the officers saw Gaither in the bus station standing near the counter where tickets could be purchased and packages could be retrieved.  Gaither walked away from the counter and exited the station.

The next day, Gaither entered the bus station, signed for the package, and walked out of the station with the package.  As he was walking away from the station, Gaither gave the package to a man who was walking with him.  A police officer arrested Gaither and read him Miranda warnings.  After signing a waiver form, Gaither wrote the following:

> I met them when I got out of jail.  They was
> in my cousin['s] room, so I ask[ed] them who
> they were.  He said his name was Junie and
> Steve.  We talk[ed], then one day he said he
> would [send] me a package.  The first two
> times I pick[ed] it up, I thought nothing of
> it.  Then I suspect[ed] it might be drug[s]
> . . . , then it was too late.  I call[ed] my
> mother and she told me Sharon Booker took
> them in Blandford somewhere.  He called his
> girlfriend Malisa and she told him that the
> package were there.  Then he told me to go
> and pick it up.

At the close of the Commonwealth's case, Gaither made a motion to strike and argued that (1) the evidence was insufficient to prove possession of cocaine because the cocaine had been removed before Gaither obtained the box, (2) the evidence was insufficient to prove Gaither knew drugs were inside the box, and (3) the evidence was insufficient to show a conspiracy because the Commonwealth failed to prove an agreement between Gaither and another individual.  The trial judge sustained, in part, the motion on the possession charge and ruled that the evidence did not prove an offense greater than an attempt to possess cocaine with an intent to distribute.  The judge overruled the other grounds for the motion.  When Gaither did not present evidence on his own behalf, the trial judge convicted Gaither of attempted possession of cocaine with intent to distribute and conspiracy to distribute cocaine.

## II.

To prove a conspiracy, the Commonwealth was required to prove that an agreement existed and that the parties shared an intent to achieve a certain objective.  See Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991).  Although the Commonwealth may prove an agreement through circumstantial evidence, the principle is well established that when evidence as to an element of an offense is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude

every reasonable hypothesis of innocence." Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

The Commonwealth's evidence merely showed that Gaither agreed to pick up the package at the bus station, that he picked up the package, that he suspected drugs, and that the package contained a large quantity of cocaine. No evidence proved that Gaither agreed to distribute cocaine or that Gaither was aware of the nature of the contents of the package. No evidence proved that Gaither had opened that package or any other package.

"In order to convict [Gaither] of conspiring . . . to distribute a controlled drug, the Commonwealth had to prove beyond a reasonable doubt that an agreement existed . . . between [Gaither and another] by some concerted action to distribute the drugs." Reed v. Commonwealth, 213 Va. 593, 594, 194 S.E.2d 746, 747 (1973). This evidence fails to meet that standard. An agreement between parties is not shown by merely proving that one person assists another. Cf. Poole v. Commonwealth, 7 Va. App. 510, 513, 375 S.E.2d 371, 372-73 (1988). Indeed, a person may unwittingly aid a criminal act. At most, this evidence creates merely a suspicion of guilt. However, suspicion, alone, is not enough to sustain a conviction. See Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981) ("Suspicion, . . . no matter how strong, is insufficient to sustain a criminal conviction."); see also Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986). Accordingly, we hold

that the evidence was insufficient to support the conviction for conspiracy to distribute cocaine.

III.

The only evidence that tended to show that Gaither knew cocaine was in the package was Gaither's statement that he "suspected" drugs. However, to prove possession the Commonwealth must prove that Gaither was "aware of the presence and character of the [cocaine] and was intentionally and consciously" possessing it. Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); see also Buono v. Commonwealth, 213 Va. 475, 193 S.E.2d 798 (1973). "[C]ircumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty." Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977); see also Burton v. Commonwealth, 215 Va. 711, 213 S.E.2d 757 (1975). Evidence that Gaither "suspected" that drugs may have been inside the package fails to prove beyond a reasonable doubt that Gaither intentionally and consciously possessed the drugs. Thus, the evidence was insufficient to support the conviction for attempted possession of cocaine with intent to distribute.

Accordingly, the convictions are reversed.

Reversed.