COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia


DANYELL JAMONT GREENE, S/K/A
 DANYELL J. GREEN
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 3343-01-2          JUDGE ROBERT P. FRANK
                                        DECEMBER 3, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF HENRICO COUNTY
                George F. Tidey, Judge

        Harrison Hubard, Jr. (Hubard, Samuels &
        Lewane, on brief), for appellant.

        Eugene Murphy, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


     Danyell J. Greene (appellant) was convicted of possession of

a firearm by a convicted felon, in violation of Code § 18.2-308.2.

On appeal, he contends the trial court erred in admitting his

statements to the police and erred in finding the evidence was

sufficient to convict. For the reasons stated, we affirm the

judgment of the trial court.

                    A.  The Statements

     Appellant argues the trial court should have excluded his

statements, as he did not receive any Miranda warnings prior to

talking to the police. The Commonwealth argues he did not file a

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

motion to suppress as required by Code § 19.2-266.2 and did not

otherwise preserve the issue.  We agree.

Code § 19.2-266.2 states, in part:

> Defense motions or objections seeking (i)
> suppression of evidence on the grounds such
> evidence was obtained in violation of the
> provisions of the Fourth, Fifth or Sixth
> Amendments to the Constitution of the United
> States or Article I, Section 8, 10 or 11 of
> the Constitution of Virginia proscribing
> illegal searches and seizures and protecting
> rights against self-incrimination . . .
> shall be raised by motion or objection, in
> writing, before trial.  The motions or
> objections shall be filed and notice given
> to opposing counsel not later than seven
> days before trial. . . .  The court may,
> however, for good cause shown and in the
> interest of justice, permit the motions or
> objections to be raised at a later time.

Appellant did not file a pretrial motion to suppress his

statements to the police.  Instead, during the presentation of

the Commonwealth's case, the following exchange took place:

> [OFFICER NELSON]:  We traced our steps
> approximately where he first started
> running.  I would say approximately thirty
> to forty yards from the point where
> [appellant] started running, there was a
> pager and a revolver laying on the gravel
> road there, the gravel alley way.
>
> [PROSECUTOR]:  This pager and this revolver,
> how far apart were these two items?
>
> [OFFICER NELSON]:  Approximately a foot and
> a half.
>
> [PROSECUTOR]:  And did you ask the defendant
> about any of the items?
>
> [OFFICER NELSON]:  Yes, we did.

-

> [PROSECUTOR]:  Okay.  And what was his response to you about those items?
>
> [OFFICER NELSON]:  After being –
>
> DEFENSE COUNSEL:  Judge, I'd impose an objection on the basis of Miranda at this point please, Judge.
>
> THE COURT:  I don't think Miranda has kicked in yet.  I overrule the objection.[1]

Officer Nelson testified appellant admitted the pager was his.  The officer then advised appellant of his <u>Miranda</u> rights.  Thereafter, appellant admitted he handled and picked up the firearm.

Appellant offered no "good cause" and did not show that "the interest of justice" required consideration of his objection.  Since appellant failed to meet the notice requirements of Code § 19.2-266.2, he waived any argument on appeal regarding the admissibility of his statements concerning the pager and firearm.  See <u>Schmitt v. Commonwealth</u>, 262 Va. 127, 145-46, 547 S.E.2d 186, 199 (2001), <u>cert. denied</u>, 534 U.S. 1094 (2002).

---

[1] The prosecutor did not raise the fact that appellant violated Code § 19.2-266.2 in response to the trial court's consideration of appellant's Fifth Amendment objection.  The record clearly indicates the prosecutor had no opportunity to raise the notice issue prior to or after appellant's <u>Miranda</u> objection.  Once the trial court ruled in the Commonwealth's favor, such notice became moot.  We, therefore, do not consider whether the Commonwealth waived any violation of Code § 19.2-266.2.

B.  Sufficiency

> In reviewing the sufficiency of the
> evidence, we examine the record in the light
> most favorable to the Commonwealth, granting
> to it all reasonable inferences fairly
> deducible therefrom.  The judgment of a
> trial court will be disturbed only if
> plainly wrong or without evidence to support
> it.  The credibility of a witness, the
> weight accorded the testimony, and the
> inferences to be drawn from proved facts are
> matters to be determined by the fact finder.

Glasco v. Commonwealth, 26 Va. App. 763, 773, 497 S.E.2d 150, 155 (1998) (citations omitted), aff'd on alt. grounds, 257 Va. 433, 513 S.E.2d 137 (1999).

So viewed, the evidence at trial proved the officers first observed appellant "stumbling" behind a grocery store at approximately 2:17 a.m.  The officers stopped their car, got out, approached appellant, and requested to speak with him. Appellant "took off running."  The officers chased him for five blocks.  After his capture, appellant told the officers that he found the firearm they recovered in the alley.  Appellant admitted he touched and picked up the firearm.

To prove possession, the evidence must support a finding that appellant either actually or constructively possessed the item and that appellant "'intentionally and consciously possessed it with knowledge of its nature and character.'" Buono v. Commonwealth, 213 Va. 475, 476, 193 S.E.2d 798, 799 (1973) (per curiam) (quoting Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970)) (discussing possession of

-

illegal drugs).  While appellant did not claim ownership of the firearm, he conceded he was in possession of the firearm.  He exerted dominion and control over the firearm by picking it up.  Further, the trial court was entitled to disbelieve appellant's assertion that he merely examined the firearm, but did not intend to possess it.  By observing the firearm prior to touching it, appellant was aware of its nature and character.  Therefore, the trial court could conclude that appellant illegally possessed the firearm.

"The duration of the possession is immaterial . . . ."  Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974) (discussing possession of a controlled substance).  Here, the duration of possession, according to appellant's confession, was short.  Nevertheless, appellant admitted picking up the firearm, thus exercising dominion and control over the firearm.  The amount of time he held the firearm is immaterial.  Additionally, appellant's flight from the officers allowed the trial court to infer that appellant knew he illegally possessed the firearm.  See Langhorne v. Commonwealth, 13 Va. App. 97, 103, 409 S.E.2d 476, 480 (1991).

Accordingly, the evidence was sufficient to support the conviction for possession of a firearm by a convicted felon.  We affirm the judgment of the trial court.

Affirmed.

-