COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Haley
Argued at Richmond, Virginia


CODY JARRELL ROBINSON

v.        Record No. 2697-08-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
JANUARY 19, 2010

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Cassandra M. Hausrath, Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

John W. Blanton, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


I.  INTRODUCTION

Appealing his conviction for possession of ecstasy with intent to distribute in violation of

Code § 18.2-248, Cody Jarrell Robinson argues the evidence was insufficient to prove his

knowledge of the nature and character of that drug.  We affirm.

II.  BACKGROUND

On January 21, 2008, Detective Mary Sleem of the Richmond Police Department

conducted a traffic stop of a vehicle in which Robinson was a passenger.  As Sleem approached

the vehicle, she noticed an odor of raw marijuana.  She asked the driver and Robinson to exit the

vehicle.  Sleem informed Robinson that she smelled marijuana and inquired whether Robinson

possessed any illegal substances.  Robinson stated he had marijuana in one of the pockets of his

jeans.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Sleem retrieved a single clear bag from Robinson's pocket. Inside the bag were thirteen smaller bags containing marijuana. Another bag within the larger bag contained seven individually wrapped tablets of ecstasy. Sleem also recovered $372 in cash.

Sleem asked Robinson about the nature of the pills. In response to a question about whether he took prescription medication, Robinson replied in the negative. Robinson also disclaimed knowledge of the nature of the pills. He claimed he found them on the side of the road on the Mechanicsville Turnpike.

A grand jury indicted Robinson for possession of ecstasy with intent to distribute. A bench trial was held on September 9, 2008, at which Sleem testified to the above relevant facts. The prosecution also presented the testimony of Sergeant Michael Talley of the Richmond Police Department, who testified as an expert on ecstasy distribution. He testified the value of the ecstasy pills was around eight to ten dollars each, but no more than seventy-five dollars together. He further testified the pills were packaged in a manner consistent with intent to distribute.

Sergeant Talley also testified that the individually packaged ecstasy pills were stamped. He explained:

> Each stamp represents who the producer is. It's slang, something like a logo. You've got several different logos here; you've got a "G" on one, you've got a female on another one, a naked female in sort of a crouched position, a "T" on one. So this indicates that it's more than likely coming from several different sources.
>
> [Prosecutor]: Is it common in your experience for ecstasy to have these types of logo markings on it?
>
> [Talley]: The pills, yes.

*    *    *    *    *    *    *

[Defense counsel]:  It's not listed in any pharmaceutical reference?  These pills are something somebody just made in their home lab somewhere?

[Talley]:  Yes.

The trial court found Robinson guilty of possession of ecstasy with intent to distribute.  In making its ruling, the court expressly declined to credit Robinson's statement to Sleem that he discovered the pills on the side of the road.  The court stated:  "The Court doesn't find that to be credible then he puts the same bag inside the bag with the marijuana."  The court also noted:  "And the Court finds that based upon all of the circumstances of the case, including the money that he had . . . the way the other items of marijuana were packaged, that he did have the knowledge necessary . . . ."

### III.  ANALYSIS

On appeal, we view "the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence."  Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008).  We "will affirm the judgment unless the judgment is plainly wrong or without evidence to support it."  Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

The Court employs this deferential standard of review "not only to the historical facts themselves, but the inferences from those facts as well."  Cooper v. Commonwealth, 54 Va. App. 558, 572, 680 S.E.2d 361, 368 (2009) (internal quotation marks and citation omitted).  "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact."  Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).  Thus, a fact finder may "draw reasonable inferences from basic facts to ultimate facts," Noakes v. Commonwealth, 54 Va. App. 577, 585, 681 S.E.2d 48, 51 (2009) (en banc) (internal

quotation marks and citation omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (internal quotation marks and citation omitted).

Robinson relies upon Young v. Commonwealth, 275 Va. 587, 659 S.E.2d 308 (2008). There our Supreme Court stated:

> In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional. Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758 (1975). Actual or constructive possession alone is not sufficient. Id. at 713, 213 S.E.2d at 759. "The Commonwealth must also establish that the defendant intentionally and consciously possessed it *with knowledge of its nature and character*." Id. (citations omitted) (emphasis added). That knowledge is an essential element of the crime.
>
>     \*    \*    \*    \*    \*    \*    \*
>
> We do not agree with the Court of Appeals' statement in Josephs[1] that "[p]ossession of a controlled drug gives rise to an inference of the defendant's knowledge of its character," insofar as that statement can be read to imply that bare possession, without more, may furnish proof, beyond a reasonable doubt, of the essential element of guilty knowledge. Countless scenarios can be envisioned in which controlled substances may be found in the possession of a person who is entirely unaware of their nature and character. We adhere to our holding in Burton, quoted above, that actual or constructive possession alone is not sufficient. To the extent that the holding in Josephs is inconsistent with our holding here, i.e., that possession alone, without more, is insufficient to support an inference of guilty knowledge, we overrule that part of the decision of the Court of Appeals.

Id. at 591-92, 659 S.E.2d at 310-11.

In Young, the Supreme Court recited with care the findings of the trial court. The Court enunciated:

---

[1] Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990).

The trial court found from the evidence that the defendant was in possession of the morphine at the time of her arrest. The court accepted Stephanie Woody's testimony that the pills were hers and that she had valid prescriptions for them, but refused to accept her speculation as to how the pills came into the defendant's possession. The court stated that the finding of guilt was based upon the defendant's undisputed possession of the morphine, coupled with the facts that she had no prescription for it, that it belonged to someone else, and that it was contained in a bottle labeled with a different drug that was also a controlled substance.

Id. at 590, 659 S.E.2d at 309-10. The Young Court also noted "the contents of the pill bottle gave no indication of their character." Id. at 592, 659 S.E.2d at 311.

The reversal in Young was predicated upon those factual findings by the trial court. The Court held that under the facts, the record was "devoid of evidence of any acts, statements or conduct tending to show guilty knowledge." Id.

The Young Court did note, however, that knowledge of the nature and character of a drug "may be shown by evidence of the acts, statements or conduct of the accused." Id. at 591, 659 S.E.2d at 310. The Court continued: "Other circumstantial evidence may also support a finding of a defendant's knowledge of the nature and character of the substance in his possession, such as the drug's distinctive odor or appearance, or statements or conduct of others in his presence that would tend to identify it." Id.

Such circumstances include "the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001). They also consist of the "acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics," Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970), and the possession of multiple, or "disparate drugs," Williams v. Commonwealth, 278 Va. 190, 194, 677 S.E.2d 280, 282 (2009). See also Hunley v. Commonwealth, 30 Va. App. 556, 562-63,

- 5 -

518 S.E.2d 347, 350 (1999); Burke v. Commonwealth, 30 Va. App. 89, 93, 515 S.E.2d 777, 779 (1999); Hamilton v. Commonwealth, 16 Va. App. 751, 753-54, 433 S.E.2d 27, 28 (1993). "When the drugs are found in the actual, physical possession of the accused, knowledge of *where* they were and the defendant's assertion of dominion are virtually incontrovertible; such possession is also evidence that the accused *knew* what he possessed." Ronald J. Bacigal, Virginia Practice Series: Criminal Offenses & Defenses 166 (2007-08).

Furthermore, the trier of fact may regard untruthful explanations regarding the possession of the substance as evidence of the defendant's guilt. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). "A false or evasive account is a circumstance, similar to flight from a crime scene, that a fact-finder may properly consider as evidence of guilty knowledge." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004).

Finally, drugs of significant value are unlikely to be randomly found. Powell v. Commonwealth, 27 Va. App. 173, 178, 497 S.E.2d 899, 901 (1998).

Here, the confluence of circumstances permitted the trial court to conclude Robinson knew the nature and character of the ecstasy pills. Actual possession, as opposed to constructive possession, is undisputed. The pills were individually packaged, of significant value, and, unlike the facts in Young, were stamped with logos—a distinctive appearance—demonstrating they were not produced by a pharmaceutical company, but by someone's "home lab." Testimony indicated such markings are used in ecstasy distribution. Robinson possessed $372 in cash and a disparate drug, marijuana. In addition, Robinson denied taking any prescription medication. Finally, Robinson's statement that he had found the pills on the side of the Mechanicsville

Turnpike, as the trial court concluded, lacked credibility, and is further evidence he knew of their nature and character.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>