UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Judges McCullough, Russell and Senior Judge Frank
Argued at Norfolk, Virginia


TRAVIS KASHAWN BROWN

MEMORANDUM OPINION[*] BY
v.      Record No. 0288-14-1      JUDGE WESLEY G. RUSSELL, JR.
MAY 12, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Travis Kashawn Brown, appellant, was convicted in a bench trial of possessing cocaine in

violation of Code § 18.2-250, possession of a firearm while in possession of cocaine in violation of

Code § 18.2-308.4, and possession of a firearm by a convicted felon in violation of Code

§ 18.2-308.2.  On appeal, he challenges the sufficiency of the evidence to sustain his convictions for

violating Code § 18.2-250 and Code § 18.2-308.4.[1]  Specifically, he argues that the evidence was

insufficient to prove he possessed the cocaine found in the car he was driving.

BACKGROUND

"'Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below.'"  Smallwood

v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not challenge his conviction for violating Code § 18.2-308.2.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and internal quotation marks omitted).

So viewed, the evidence establishes that Detective David LeFleur of the Norfolk Police Department was on a routine bike sweep on July 18, 2013. At 11:15 p.m. LeFleur observed a vehicle approach him at a high rate of speed. The vehicle, driven by appellant, stopped at an intersection, and LeFleur approached the vehicle on the driver's side. During LeFleur's initial contact with Brown, LeFleur noticed a semiautomatic handgun on appellant's right hip and detected a smell of what he believed to be marijuana emanating from the vehicle. Another officer noticed suspected marijuana on the floorboard of the passenger side of the vehicle, and that officer asked the passenger to exit the car. LeFleur asked Brown to step out of the vehicle, and appellant consented to a search of his person. LeFleur recovered a small bag of marijuana from appellant's right rear pocket. LeFleur then obtained consent to search the automobile.

LeFleur entered the vehicle and immediately located a small plastic bag containing two smaller pieces of cocaine in the driver's side cup holder in the center console. The bag was uncovered and in plain sight. LeFleur testified that no other items were located inside the driver's side cup holder or the passenger's side cup holder.

Appellant testified that the car belonged to Chelsea Sutton, a cousin of the front seat passenger. Appellant stated that he had been driving the vehicle for approximately thirty minutes. He claimed the cocaine was not his. He further explained that LeFleur asked him to extinguish his "Black and Mild" cigar, and he complied by putting it in an ashtray located in the driver's side cup

holder. He testified that "[t]he only thing inside the cup holder was the ashtray." He maintained LeFleur was mistaken when LeFleur testified about the contents of the cup holder.

ANALYSIS

"In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional." Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008). "'To establish "possession" in a legal sense it is not sufficient to simply show actual or constructive possession of the drug by the defendant. The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.'" Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 759 (1975) (quoting Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970)).

To support a conviction based upon constructive possession, "'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004).

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182,

- 3 -

184, 300 S.E.2d 783, 784 (1983)). The Virginia Supreme Court has held that "'circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Finney v. Commonwealth, 277 Va. 83, 89, 671 S.E.2d 169, 173 (2009) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000)). Furthermore, circumstantial evidence "is not viewed in isolation." Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 32 (2005), cert. denied, 547 U.S. 1136 (2006). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id. (citation omitted).

Appellant relies on our decision in Coward v. Commonwealth, 48 Va. App. 653, 633 S.E.2d 752 (2006), to support his position that he did not constructively possess the cocaine. In that case, Coward was a passenger in a car where cocaine was located in plain view in the center console. In reversing Coward's drug possession conviction, we found that his occupancy in the vehicle was the only fact that could create an inference of his knowledge of the cocaine. Id. at 658-60, 633 S.E.2d at 754-55. We noted that the case was similar to Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994), where we reversed a cocaine possession conviction on the basis that Jones's occupancy in the car and proximity to the contraband alone were insufficient to establish constructive possession. 48 Va. App. at 658, 633 S.E.2d at 754.

In this case, there is more than mere proximity to support the fact finder's conclusion that appellant knowingly possessed the cocaine. Unlike either Coward or Jones, appellant made statements (albeit at trial) that support an inference that the cocaine was his. Specifically, appellant testified regarding the contents of the cup holder, even asserting that LeFleur mistakenly testified that the cup holder contained cocaine. This testimony establishes that appellant could see inside the

- 4 -

cup holder and was aware of what was in it. Furthermore, appellant testified that he used an ashtray that he claimed was in the cup holder. This demonstrates that he exercised dominion and control over the cup holder and its contents, whether exclusively of the passenger or in conjunction with him. Thus, appellant's testimony, considered with other factors (proximity, length of time driving the vehicle, etc.) provided a sufficient basis for the trial court to conclude that appellant was aware of the cocaine and possessed it.

That some portions of appellant's testimony, if credited, pointed to his innocence is immaterial. A trier of fact "is not required to accept the self-serving testimony of the defendant . . . , but may rely on such testimony in whole, in part, or reject it completely." Carosi v. Commonwealth, 280 Va. 545, 554-55, 701 S.E.2d 441, 446 (2010). Furthermore, the trial court's rejection of parts of appellant's testimony gives rise to an inference that appellant was actually lying to conceal his guilt. See Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (holding that the fact finder "'need not believe the accused's explanation and may infer that he is trying to conceal his guilt'" (quoting Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981))).

Finally, "settled principles provide that people do not relinquish control of items of value like drugs or leave them in places where others might find them." Watts v. Commonwealth, 57 Va. App. 217, 233, 700 S.E.2d 480, 488 (2010); see also Ward v. Commonwealth, 47 Va. App. 733, 753 n.4, 627 S.E.2d 520, 530 n.4 (2006) ("Our cases recognize that drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area."). In light of the other evidence before it, the trial court reasonably could conclude that the cocaine had not been abandoned by another person for the thirty minutes that appellant was driving the car with the cocaine inches away from appellant in the driver's side cup holder that he admitted to using.

In reaching this conclusion, we note that we review questions regarding the sufficiency of the evidence "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

Applying these principles, we find that the trial court, based on the totality of the evidence, reasonably could conclude, beyond a reasonable doubt, that appellant constructively possessed the cocaine located in the driver's side cup holder. Therefore, we find the evidence sufficient to support Brown's convictions for possession of cocaine and possession of a firearm while in possession of cocaine.

CONCLUSION

For the foregoing reasons, appellant's convictions are affirmed.

Affirmed.