COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Malveaux and Causey

DAVID ROBERT CANNADAY

MEMORANDUM OPINION*
PER CURIAM

v.      Record No. 1184-21-3

OCTOBER 25, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.

David Robert Cannaday ("appellant") was convicted of possession with intent to distribute

over ten grams of methamphetamine, in violation of Code § 18.2-248(C)(4), possession of

marijuana, second offense, in violation of Code § 18.2-250.1,[1] and possession with intent to

distribute buprenorphine/naloxone, in violation of Code § 18.2-248(E1). On appeal, appellant

argues that the evidence failed to prove he knowingly and intelligently possessed the drugs.

After examining the briefs and record in this case, the panel unanimously agrees that because

"the appeal is wholly without merit," oral argument is unnecessary. Code § 17.1-403(ii)(a); Rule

5A:27(a). For the following reasons, we affirm the decision of the trial court.

---

* Pursuant to Code § 17.1 413, this opinion is not designated for publication.

[1] Code § 18.2-250.1 was repealed in 2021, subsequent to the offense in this case. 2021
Va. Acts. Sp. Sess. 1, chs. 550-51.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On May 1, 2020, Henry County Sheriff's Deputy Cory Waddell conducted a traffic stop on a white Mazda due to a defective brake light. Appellant was the sole occupant of the vehicle. Corporal Andrew Kenney arrived with a trained narcotics dog in response to Waddell's request for assistance. Kenney and Waddell searched the car based on the dog's subsequent "alert" to the presence of narcotics within it. Inside a closed nylon pouch on the front passenger seat, the officers discovered a transparent plastic baggie containing a "clear crystal-like substance" later determined to be 11.2 grams of methamphetamine. The pouch also contained another baggie containing "green plant-like material," a digital scale, and seventeen "Suboxone strip packages." Subsequent laboratory testing revealed that the plant material was marijuana and the "Suboxone" strips were comprised of a buprenorphine/naloxone mixture. The officer found additional marijuana stored in a plastic bag within the vehicle's center console.

Deputy Waddell found $2,116 in cash on appellant's person during a search incident to his arrest. Appellant told the deputy that he had recently cashed a paycheck for $450. He further stated that he thought he was carrying approximately $1,800, which he intended to use to pay bills. Appellant also said that he was driving his girlfriend's vehicle and she had recently smoked marijuana inside it. The car was not registered under appellant's name.

At trial, Investigator Tim Brummit testified as an expert in narcotics distribution. Brummit estimated the street value of the methamphetamine found in the car to range from $550 to $1200, and he valued the Suboxone strips at over $500. Brummit opined that the value, quantity, and variety of the drugs—combined with appellant's possession of an unusual amount of currency, the presence of a digital scale, and the absence of any ingestion devices—were circumstances inconsistent with personal use.

At the conclusion of the evidence, appellant moved to strike, arguing that the Commonwealth failed to prove that he knowingly and intentionally possessed the drugs found in the nylon pouch. The trial court denied the motion and convicted appellant of the offenses. This appeal followed.

ANALYSIS

Appellant asserts that the evidence failed to prove that he knowingly and intelligently possessed the drugs discovered in the nylon pouch. Appellant contends that there was no evidence that he knew what was in the nylon pouch, nor any evidence demonstrating that he was aware of the illegal character of the narcotics contained in the pouch. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the

conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional." *Ervin v. Commonwealth*, 57 Va. App. 495, 504 (2011) (*en banc*) (quoting *Young v. Commonwealth*, 275 Va. 587, 591 (2008)). "The Commonwealth must also establish that the defendant intentionally and consciously possessed it *with knowledge of its nature and character*." *Young*, 275 Va. at 591 (quoting *Burton v. Commonwealth*, 215 Va. 711, 713 (1975)). "That knowledge is an essential element of the crime." *Id.*

"Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" *Logan v. Commonwealth*, 19 Va. App. 437, 444 (1994) (*en banc*) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476 (1984)).

Consistent with those principles, we have held that a defendant's proximity to contraband and "[o]wnership or occupancy of the premises" where it is found are "factor[s] that may be considered in determining whether a defendant possessed the contraband." *Archer v. Commonwealth*, 26 Va. App. 1, 12 (1997). Here, appellant was the driver and sole occupant of a vehicle containing contraband within his reach. In addition, "[a] factfinder is permitted to infer that 'drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area.'" *Ervin*, 57 Va. App. at 517 (quoting *Ward v. Commonwealth*, 47 Va. App. 733, 753 n.4 (2006)). In this case, the nylon pouch contained a wide variety of valuable illicit narcotics

"unlikely to be abandoned or carelessly left in an area" outside of one's dominion and control. *Id.* Appellant's possession of an unusually large sum of cash provides further evidence of his knowledge of the presence and character of the drugs. *See White v. Commonwealth*, 24 Va. App. 446, 453 (1997) (noting that defendant's possession of "significant sums of cash . . . supports a finding of both *possession* and intent to distribute" (emphasis added)). Finally, the trial court was entitled to consider appellant's explanation of the large amount of cash as false and as evidence that he was lying to conceal his guilty knowledge of the drugs. *See Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998) ("[T]he fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.").

In sum, the totality of the above circumstances provided support for the trial court's conclusion that appellant knowingly and intentionally possessed the drugs in the pouch. Therefore, we conclude that the trial court's denial of appellant's motion to strike was not plainly wrong or without evidentiary support.

CONCLUSION

Because the trial court did not err in denying appellant's motion to strike, we affirm appellant's convictions.

*Affirmed.*