COURT OF APPEALS OF VIRGINIA

Present: Judges Huff,[*] Causey and White
Argued at Richmond, Virginia


CARLESTON CHRISTIAN MOORE

v.      Record No. 1507-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**] BY
JUDGE KIMBERLEY SLAYTON WHITE
JANUARY 14, 2025


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Wayne R. Morgan, Jr., for appellant.

Liam A. Curry, Assistant Attorney (Jason S. Miyares, Attorney
General, on brief), for appellee.


BACKGROUND

Following a bench trial, the Circuit Court of Chesterfield County convicted Carleston

Christian Moore of two counts of possession with intent to distribute a Schedule I/II controlled

substance, and possession of ammunition as a convicted felon. By final order, the trial court

sentenced Moore to a total of 45 years' imprisonment, 25 suspended. Moore appeals,

challenging the sufficiency of the evidence to sustain his convictions. Specifically, Moore

asserts that the evidence is insufficient to prove his knowledge of the presence of the contraband.

STATEMENT OF FACTS

Officer Nicholas Lante of the Chesterfield County Police conducted a traffic stop of a

1997 gray Buick on October 23, 2022. Lante became suspicious of the Buick upon noticing

_____

[*] Judge Huff participated in the hearing and decision of this case prior to the effective
date of his retirement on December 31, 2024.

[**] This opinion is not designated for publication. *See* Code § 17.1-413(A).

highly tinted windows and a broken passenger mirror. A subsequent registration check revealed that the registered owner of the vehicle's license was revoked. That registration check revealed that defendant Moore was the sole registered owner of the vehicle. Upon approaching the car, Lante noticed three occupants in the car. Moore was driving, a woman was sitting in the passenger seat, and a man was in the backseat. Moore quickly admitted to Lante that he did not have a valid driver's license, but provided Lante with a title to the vehicle that showed that Moore was the sole owner.

At the start of the traffic stop, Lante saw a digital scale "on the floorboard right between" Moore and the front passenger. Based on the observation of the scale, Lante requested a drug K-9 and another officer—Officer Webb. When Officer Webb arrived, Lante explained that he observed a scale in the car. When Webb approached, he noticed that the scale was no longer in plain view. While checking the VIN on the vehicle, Webb noticed "torn lottery tickets" underneath the driver's seat. Based on the scale no longer being in plain view and the torn lottery tickets, the officers detained all three occupants and conducted a search of the vehicle.

Lante testified that, "[u]nderneath the driver seat was a Coca-Cola can that [was] actually a fake Coca-Cola" can that twists open to reveal a hidden compartment. Lante testified that the fake soda can was not visible prior to the search. Inside the hidden compartment, the officers found "two bags, one containing white rock substance" that Lante believed was consistent with crack cocaine. A second bag recovered from within the can contained what Lante believed to be heroin. The officers found the scale previously observed on the floor "tucked a little bit further underneath the seats" between the front two passengers.

Under the front passenger seat, Webb located a second fake soda can that also contained suspected narcotics in two bags. In a compartment on the front passenger side door, the officers found a "blue baggy that contained . . . a white powder residue." When Lante asked about the

suspected narcotics discovered, Moore stated that he "was unsure of them" and that "he did not know about the scale." When the officers asked Moore how long the female occupant had been in the car, Moore stated that he had picked her up just "prior to the traffic stop . . . to get food."

The officers then searched the back of the car. Inside of a basket on the floor of the car, the officers discovered a work glove containing a single bullet. The glove was "piled up with some other things" including various tools. Moore admitted to Lante that he was a convicted felon.

Detective Evan Beck testified as an expert in possession and distribution of narcotics. Upon review of the lab report and circumstances of the case, Beck testified, without objection, that the items recovered from Moore's car were consistent with illegal drug distribution and inconsistent with personal use.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction,

'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

On appeal, Moore argues that the evidence was insufficient to prove that he constructively possessed the contraband located inside of his vehicle. The question before us is whether the evidence presented was sufficient to establish that Moore's possession of the contraband in his car was knowing and intentional.[1] It was as to the drugs, but not as to the bullet.

To support a constructive possession conviction, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance

---

[1] Moore does not argue that the Commonwealth failed to prove that he had dominion and control over the vehicle and the items found within it. Indeed, at the circuit court, Moore's counsel stated: "I don't think there is any question that he had dominion and control of whatever is in the car." During argument on his motion to set aside the verdict, Moore again stated that "[e]xercise and control is not the issue here. Knowledge is the issue." In fact, Moore's opening brief merely provides the standard of review, an assertion that the evidence was insufficient to sustain Moore's convictions, and bare references to two unpublished opinions—one of which has been reversed by our Supreme Court. Rule 5A:20(e) requires an opening brief to contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (quoting *Sneed v. Bd. Of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). This Court has held that making one reference to a single case and failing to support arguments "with any legal analysis or authority from [that case] or any other source" constitutes a failure to comply with rule 5A:20(e). *Id.* at 745. The appellate court "is not a depository in which the appellant may dump the burden of argument and research," *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 708 (2012) (quoting *Fadness v. Fadness*, 52 Va. App. 833, 850 (2008)), and thus, "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration," *Turner v. Commonwealth*, 67 Va. App. 46, 61 (2016) (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992)). While Moore's opening brief does not reach the procedural standard established by Rule 5A:20(e), we find that there is enough information to determine whether the evidence was sufficient to sustain his convictions for possession of controlled substances and ammunition and limit our analysis accordingly.

and that it was subject to his dominion and control." *Glasco v. Commonwealth*, 26 Va. App. 763, 774 (1998) (citation omitted). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Burchette v. Commonwealth*, 15 Va. App. 432, 434 (1992) (citations omitted).

*The Evidence was Sufficient to Prove Possession of the Controlled Substances*

In the prosecution for possession of controlled substances, the "Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional." *Young v. Commonwealth*, 275 Va. 587, 591 (2008) (citing *Burton v. Commonwealth*, 215 Va. 711, 713 (1975)). Thus, "[a]ctual or constructive possession alone is not sufficient." *Id.* The Commonwealth "must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character." *Buono v. Commonwealth*, 213 Va. 475, 476 (1973).

Knowledge is an essential element to establish possession of narcotics, and "such knowledge may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found." *Ritter v. Commonwealth*, 210 Va. 732, 741 (1970). The possession of drugs, paraphernalia, or other related items constitutes "additional facts which permit[] the fact finder to infer" that the accused had knowledge of the presence of the drugs. *Wymer v. Commonwealth*, 12 Va. App. 294, 301 (1991) (finding that evidence of drug paraphernalia found in defendant's purse was an additional fact "which permitted the fact finder to infer that appellant knew of the presence of cocaine" located elsewhere in her house).

Ownership or occupancy of a vehicle where the contraband is found "is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant

exercised dominion and control over items in the vehicle or on the premises" to prove that the owner or occupant constructively possessed the contraband. *Burchette*, 15 Va. App. at 435. Proximity to the contraband is a relevant fact "that, depending, on the circumstances, may tend to show that, as an owner or occupant of the vehicle, the person necessarily knows of the presence, nature and character or a substance that is found there." *Id.*

Moore was both the driver and the sole registered owner of the vehicle. The evidence established that the contraband was located within Moore's immediate reach. *See id.* Additionally, there is no evidence linking any of the contraband to either of the other occupants of the car. The other front-seat passenger had a limited connection to the vehicle, as she was picked up "just prior" to the traffic stop for the purpose of getting food. These facts permit the finder of fact to reasonably conclude that Moore, at the very least, had knowledge of the contraband located underneath his and the passenger seat, as well as around the car.

"[W]here a defendant gives a false account of circumstances surrounding a crime, the trial court is entitled to infer that the defendant lied to conceal his guilt." *Burgess v. Commonwealth*, 14 Va. App. 1018, 1025 (1992). In cases concerning possession of contraband, this inference "qualifies as evidence that tends to show that the defendant was aware of the contraband and that it was subject to this dominion and control." *Cordon v. Commonwealth*, 280 Va. 691, 695 (2010); *see also Rawls v. Commonwealth*, 272 Va. 334, 350 (2006) (holding that a defendant falsely disclaiming ownership "is precisely the kind of act, statement, or conduct that tends to prove the defendant's knowledge of the presence and character of the contraband"); *Haskins v. Commonwealth*, 44 Va. App. 1, 10-11 (2004) (holding trial court permitted to consider defendant's false and self-serving statements as proof that he knowingly exercised dominion and control over a bag of cocaine found in his close proximity).

When questioned about the drugs, Moore stated that he "was unsure of them." Moore's failure to disclaim the drugs outright allows a fact finder to conclude that his "evasive account [was] a circumstance, similar to flight from a crime scene," that it could "properly consider as evidence of guilty knowledge." *Covil v. Commonwealth*, 268 Va. 692, 696 (2004). A rational trier of fact could conclude that Moore gave an evasive response to questioning about the drugs to conceal his criminal acts. The evidence also allows an inference that the digital scale in Moore's car was intentionally concealed following Lante's observation of it, and the fact that Lante saw the scale on the floor of the car permits an inference that Moore knew of the scale's presence. Despite that, Moore told Lante and Webb that he "did not know about the scale." This evidence is sufficient to establish that Moore both knew of and lied about the presence of the scale in his car, thereby establishing enough evidence to find Moore possessed the controlled substances for the purposes of his conviction.

*The Evidence was Insufficient to Prove Possession of the Bullet*

While the evidence presented was sufficient to establish Moore's knowledge, supporting a finding of possession, of the controlled substances, the same cannot be said for his knowledge of the ammunition. Again, ownership or occupancy of a vehicle where the contraband is found "is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle or on the premises" to prove that the owner or occupant constructively possessed the contraband. *Burchette*, 15 Va. App. at 435. Here, the fact of Moore's ownership and occupancy of the vehicle was the only evidence which could tend to prove possession of the ammunition. This is not enough.

The facts established at trial show that a single bullet was found inside of a single glove. This single glove was found inside of a basket in the backseat. The glove was "piled up" with other items, including various tools. While it is true that the fact of Moore's ownership of the

- 7 -

vehicle is a pertinent fact to consider, it is not enough to establish constructive possession. Unlike the controlled substances and scale, which were located in the front portion of the vehicle, the ammunition was located in the back. While the facts established the front-passenger's limited connection to the vehicle, there was no evidence introduced regarding the rear-seat passenger's connection to the vehicle. There is no evidence to establish who the basket or glove did or did not belong to. There is no evidence to establish Moore even knew of the presence of the basket or of the glove. Furthermore, the evasive statements provided by Moore were only in reference to the scale and controlled substances—not the ammunition. As such, the mere fact that the bullet was located within the vehicle, under these circumstances, is insufficient to establish that Moore possessed the ammunition.

## CONCLUSION

For the foregoing reasons, we affirm in part, reverse in part, and remand for sentencing proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*